Proceeding before the North Carolina Utilities Commission.
The Norfolk Southern Railway Company filed a petition against the Atlantic Western Railway Company before the Utilities Commission, seeking an order to compel a more favorable division of certain freight charges on shipments originating at points on Atlantic Western Railway Company, delivered to the complaining carrier at Lillington, N.C. and moved over its lines to Varina, N.C.
The Atlantic Western Railway Company filed its answer and the matter was heard, and on 11 August, 1943, an order was entered denying the relief sought. Thereafter, on 20 August, 1943, the petitioner filed exceptions to said order and the exceptions were overruled by the Commission on 24 August, 1943. Fourteen days later, 7 September, 1943, the Norfolk Southern Railway Company filed with the Commission a petition to rehear together with notice of appeal, with exceptions and assignments of error. The petition to rehear was filed pursuant to Rule 17 of the Rules of Practice and Procedure of the North Carolina Utilities Commission, which provides for the filing of a petition to rehear within thirty days after the issuance of final order in the case. An order was entered 8 September, 1943, to the effect that upon further consideration of the record in the proceeding and of the petition to rehear, the petition was denied, and that said record be certified and transmitted to the Superior Court of Wake County. On 10 September, *Page 764 
1943, notice of appeal, together with exceptions and assignments of error, were again filed with the Commission by the petitioner.
The Atlantic Western Railway Company made a motion in the court below to dismiss the appeal on the ground that notice of appeal was not given within ten days from the date of the order overruling the exceptions to the decision of the Commission, as required by G.S., 62-20. The motion was denied, and it appealed to the Supreme Court, assigning error.
The North Carolina Utilities Commission is a court of record and authorized by law to formulate and promulgate its own rules of practice, including rules for hearings. G.S., 62-12. The appellant does not challenge the power of the Commission to formulate and promulgate rules and regulations for the orderly performance of its duties, but it does challenge the authority of the Commission to formulate and enforce rules which run counter to the express provisions of the statute. Utilities Com.v. R. R., ante, 283, 29 S.E.2d 912.
The North Carolina Utilities Commission is a court of general jurisdiction only as to subjects embraced within chapter 62 of the General Statutes. It is a court of original jurisdiction and does not possess the inherent powers of an appellate court. An appellate court, unless prohibited by statute, has the authority to grant rehearings in cases it has decided by virtue of its inherent power to modify and amend its judgments, so long as they are under its control. 3 Amer. Jur., sec. 796, p. 345.
"The general rule is that a rehearing will not be granted unless it is shown either that some question decisive of the case and duly submitted by counsel has been overlooked, or that the court has based the decision on a wrong principle of law. . . . As a general rule, a rehearing can be had only on the record as it came from the court below. Newly discovered evidence is not a ground for rehearing." 3 Am. Jur., sec. 798, p. 346, citing United States v. Maxwell Land-Grant Co., 122 U.S. 365,30 Law Ed., 1211.
The Interstate Commerce Commission apparently did not have the authority to grant a rehearing until the enactment of the Hepburn Act in 1906, expressly empowering it to do so. U.S.C.A., Title 49, sec. 16 (a).
We think the General Assembly, in lieu of giving the North Carolina Utilities Commission the authority to grant rehearings, expressly provided for a rehearing upon exceptions. G.S., 62-20; C. S., 1097. The *Page 765 
statute provides for an appeal to the Superior Court from a decision or determination of the Commission. But a party desiring to appeal cannot do so unless such party shall, within ten days after notice of the decision or determination, file with the Commission exceptions to the decision or determination of the Commission, which exceptions shall state the grounds of objection to the decision or determination. If any one of such exceptions shall be overruled, then such party may appeal from the order overruling the exception. The notice of appeal must be given within ten days after the decision overruling the exception.
This Court held in the case of Corp. Com. v. R. R., 185 N.C. 435,117 S.E. 563, that the statutory notice of appeal prescribed in C. S., 1097, now G.S., 62-20, is mandatory, and the time within which such notice may be given cannot be extended by the parties of record. The Utilities Commission is a party of record, in a proceeding before it and upon appeal, under the decisions of this Court, the Commission becomes the party plaintiff. Corp. Com. v. R. R., 151 N.C. 447, 66 S.E. 427; Corp. Com.v. R. R., 170 N.C. 560, 87 S.E. 785.
We hold that the North Carolina Utilities Commission is not authorized to grant rehearings except in the manner prescribed by the statute, G.S.,62-20. Moreover, if it were so authorized, and Rule 17 of the Rules of Practice and Procedure of the North Carolina Utilities Commission were valid, we do not think the petition to rehear was seasonably filed, since the statutory time for giving notice of appeal had expired before it was filed and the petition to rehear was not granted.
A court, having power to grant a rehearing, may entertain a petition for rehearing, filed after the time for appeal from its original order has expired, but in considering whether or not to grant the rehearing, such consideration will not enlarge the time for appeal from the original order, if the petition for rehearing is denied. Furthermore, an appeal does not lie from the denial of a petition to rehear. Pfister v. Northern IllinoisFinance Corp., 317 U.S. 144, 87 Law Ed., 146; Bowman v. Loperena,311 U.S. 262, 85 Law Ed., 177; Conboy v. Bank, 203 U.S. 141,51 Law Ed., 128; 3 Amer. Jur., sec. 435, p. 150. See alsoBadger v. Daniel, 82 N.C. 468. On the other hand, where a petition for rehearing is filed before the time for appeal has expired, it tolls the running of the time and appeal may be taken within the statutory time for appeal from the date of denial of the petition for rehearing. Morse v. United States, 270 U.S. 151,70 Law Ed., 518; U.S. v. Seminole Nation, 299 U.S. 417, 81 Law Ed., 316.
The motion of the Atlantic Western Railway Company interposed in the court below, to dismiss the appeal of Norfolk Southern Railway Company for failure to give notice of appeal as required by the statute, G.S., 62-20, should have been allowed.
Reversed. *Page 766