Mississippi Public Service Commission, et al. *v.* Holloway Transfer & Storage Company, et al.

No. 42476　　　　January 14, 1963　　　　148 So. 2d 689

March  4,  1963                    150  So.  2d  411

*Wade Creekmore,* Asst. Atty. Gen., Jackson, for appellant.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellee, Shamrock Van Lines, Inc.

*James Finch,* Hattiesburg, for appellees, Holloway Transfer and Storage Company, Inc., and others.

*Alton Massey,* Kociusko, for appellee, Security Van Lines, Inc.

GILLESPIE, J.

The five appellees are common carriers of household goods. Each holds a certificate of public convenience and necessity to operate statewide to and from all points in the State, using all roads and highways. They and their predecessors have operated under said certificates since the enactment of the Mississippi Motor Carrier Regulatory Act of 1938, have domiciled equipment any-

where they pleased, and established and abandoned offices, or bases of operations, as they deemed desirable. In other words, the Mississippi Public Service Commission had never sought to regulate these carriers as to domiciling equipment or establishing offices until the proceedings involved in this case were instituted. Under a rule promulgated by the Commission, effective February 17, 1961, said carriers could not domicile equipment at any place other than their principal place of business or at an established place of business as of February 17, 1961. The question for our decision is whether these holders of statewide certificates have a vested right to domicile equipment anywhere in the State as they desire, or whether Mississippi Public Service Commission has the power to establish the rule in question limiting the right of said carriers to establish bases of operation in the future. We hold the Commission had the power to adopt the rule.

██ █ Some question is raised on the procedure followed by the Commission in adopting the rule. We find that all of the appellees had due notice and ample opportunity to introduce testimony. Procedural due process was fully satisfied. At one point in the proceedings appellees were undoubtedly misled, although unintentionally, but subsequent hearings were had which cured any possible error in this connection.

The circuit court reversed the order of the Commission and held that Rule 22, hereinafter set out, unlawfully deprived appellees of a vested right. The Commission appealed to this Court.

The declared public policy of Mississippi in connection with the regulation of motor carriers includes the fostering of sound economic conditions and the prevention of unfair or destructive competitive practices. Sec. 7633, Miss. Code 1942, Recompiled. The Mississippi Public Service Commission is vested with the power to regulate common carriers by motor vehicle, and under Sec.

7637, Code of 1942, is given power to prescribe rules and regulations for administering the Act.

Acting under Sec. 7637, Code of 1942, the Commission adopted Rule 22, which in part is as follows:

"RULE 22. RULES AND REGULATIONS GOVERNING HOUSEHOLD GOODS CARRIERS IN LEASING MOTOR VEHICLES FROM OTHERS, IN DOMICILING MOTOR VEHICLE EQUIPMENT, AND IN USING AGENTS.

"A. Definitions:

"(1) The term 'household goods carrier' as used in these rules means the holder of a common carrier certificate of public convenience and necessity issued by this Commission authorizing the transportation of household goods.

"(2) The term 'domiciling motor vehicle equipment' as used in these rules means the stationing of a motor vehicle or motor vehicles by a household goods carrier, through the use of lease arrangements or otherwise, at a place which is used as a base of operation for such vehicle or vehicles in carrying on the business of household goods carriage.

"C. DOMICILING EQUIPMENT: Household good carriers may not domicile motor vehicle equipment, either carrier owned or leased, at any place other than their principal place of business as shown by the original authority or by the original application therefor, issued to such carrier or its predecessor by this Commission or at an established place of business as of February 17, 1961, without having obtained specific authority from this Commission to so do. Authority to domicile equipment at a location other than the principal place of business or at an established place of business as of February 17, 1961, of such carrier will be granted by this Commission only after application therefor and

proof of public convenience and necessity at a public hearing held on the application. All of such application will be for extension of such carriers' certificates of public convenience and necessity to authorize the additional domiciling of equipment.''

All of the certificates of public convenience and necessity held by appellees are substantially the same, and all but one were obtained under the ''grandfather'' clause of the 1938 Act. Such certificate authorized the holder to operate as a common carrier of household goods by motor vehicle to and from all points in the State, using all roads and highways. The certificates are silent as to where the holder may domicile equipment, maintain or establish an office or base of operation. From 1938 until 1961, when Rule 22 was promulgated, appellees operated without any regulations as far as the domiciling of equipment was concerned. When it appeared to them that it would be profitable to open a terminal or warehouse and office in another city, they did so. The carriers themselves made the decision when additional service was needed at this or that city. They also decided when to close out an operation. The Commission was justified in finding that this lack of regulation resulted in unsound economic conditions and permitted unfair and destructive competitive practices. In this connection, we must indulge the presumption that the members of the Commission possess an expertise in this field which should induce some deference to their opinion.

Appellees contend (1) that the adoption of Rule 22 was unlawful because it amounted to a modification or amendment of appellee's certificates of public convenience and necessity without complying with Sec. 7651, Code of 1942, which sets forth the conditions under which a certificate may be amended, suspended or revoked; (2) that the order constitutes the taking of property without due process of law in violation of

constitutional rights, and (3) that Rule 22 is unjust and unreasonable and discriminatory.

Appellees' complaint is directed only at Section C of Rule 22, "Domiciling Equipment."

■■ ■ The Commission was not required to proceed under Sec. 7651, Code of 1942, for the reason that Rule 22 does not amend, suspend or revoke appellees' certificates. Their certificates do not contain any provision with reference to domiciling equipment. Although essentially a privilege, a certificate granting statewide rights is one recognized by law and is entitled to protection against threatened injury. Payne Bus Lines v. Jackson City Lines, 220 Miss. 180, 70 So. 2d 520. ■■ ■ It is contended that since the certificates are silent as to principal place of business, established place of business, and domiciling equipment, the holders had unlimited implied rights in this connection. We do not agree. ■■ ■ The privilege to operate as a common carrier may be reasonably regulated to comply with the declared public policy of the State. ■■ ■ This exercise of the police power of the State is lawful if it is reasonable and does not restrict the privilege granted by the certificate. ■■ ■ The Commission's power to promulgate reasonable rules may not conflict with the statutes or revoke a previously granted express right. The Commission could not, for instance, amend a certificate from a statewide to limited or radial operation. It may, however, promulgate reasonable rules to accomplish the general objectives of the statute in areas not embraced in the certificate or the statutes.

Since we hold that appellees did not have the unqualified and unrestricted right to establish and abolish domiciles for their equipment as they please, it follows that there has been no taking of property without due process. What has been done under the rule in question is the valid exercise of the police power.

■■ ■ In contending that Rule 22 is unreasonable, appellees say that the right to operate statewide places upon the carriers the corresponding duty to provide adequate service to all parts of the State, and that appellees cannot so operate without the right to domicile equipment wherever needed. This argument is not tenable. The Commission could not lawfully require a household goods carrier with a place of business in Gulfport to provide service between Corinth and Iuka. This would be a short haul between two points, both of which are hundreds of miles from the carrier's place of business where he would domicile his equipment.

The evidence fully justified the Commission in finding that the promulgation of Rule 22 was necessary to foster sound economic conditions in the industry and to prevent unfair and destructive practices, and that the industry will be stabilized to the end that the public will receive more adequate service.

■■ ■ Complaint is made that the date February 17, 1961, in Section C of Rule 22 has no significance. The hearing was in progress on that date and the attorney for the Commission made the recommendation that the carriers be permitted to domicile equipment at their principal places of business as shown by the original authority or wherever the carrier was operating an established place of business as of February 17, 1961. This was in favor of the carriers and they may not complain. It was the recognition that where a carrier had an established place of business, it should not be required to discontinue such operation. This provision was probably essential to the validity of the rule.

Some of the carriers in Florida attacked the rule promulgated by the Florida Commission which is almost identical to Rule 22. The resulting litigation was appealed to the Supreme Court of that State. Fogarty Bros. Transfer, Inc. v. Alan S. Boyd, (Fla.) 109 So. 2d 883. That cause is directly in point on every question

raised by appellees in the case at bar. In our opinion the Florida court reached the correct result and that its reasoning is sound.

Appellant concedes that it failed in its final order to follow the evidence as to the places where some of the appellees had established places of business on February 17, 1961, and to that extent the order of the circuit court is affirmed. We reverse the judgment of the circuit court and enter judgment here reinstating the order of the Commission adopting said Rule 22. We remand the case to the Commission so that it may correct its final order confirming or establishing principal place of business and/or established place of business at which equipment was domiciled as of February 17, 1961 as to Shamrock Van Lines, Inc., and Security Van Lines, Inc.

Reversed and rendered in part, affirmed in part, and remanded.

*Lee, P. J., and Kyle, McElroy and Jones, JJ.*, concur.

### ON SUGGESTION OF ERROR

Jones, J.

The suggestion of error is overruled.

One of the assignments of error is that this Court should not have rendered its opinion without first passing upon a motion to dismiss the appeal which had been filed by appellees on the ground that the Mississippi Public Service Commission was not a proper party. This motion was passed upon in conference but not discussed in the opinion.

Sec. 7817, Miss. Code 1942, reads: "The commission may apply to the circuit or chancery court, by proper proceeding, for aid in the enforcement of obedience to its process, and to compel compliance with the law and its lawful orders, decisions, and determinations; and said courts shall have jurisdiction to grant aid and relief in such cases, subject to the right of appeal to the Su-

preme Court by the party aggrieved. The attorney-general, or district attorney in his district, shall institute such proceedings in the name of the commission."

The statute specifically gives the Public Service Commission access to the court as a party with the right of appeal, and provides that the attorney general or the district attorney shall institute the proceedings required in the name of the Commission. The statute says that the Commission may apply to the circuit or chancery court for aid in the enforcement of obedience to its process and to compel compliance with the law and its lawful orders. We do not think this statute would require that the Commission could only be a party on its own petition as a complainant or petitioner. Certainly it could apply to the court for the court's aid when a case was appealed there and whether it was the appellee, the petitioner, the complainant, or the defendant; in any such position it could still apply to the court for necessary relief. And since this statute gives the commission the right to apply to chancery or circuit court and gives the right of appeal to either party aggrieved at the finding of the court, we think certainly when other parties appeal to the court to cancel orders made by the Commission that the Commission would have a right under this statute to appear and contest such relief or such petition and to itself petition the court to maintain and enforce its lawful orders. Otherwise, in many instances, when orders were made by the commission, parties dissatisfied therewith would apply to the court and, unless the Commission could appear in contest or apply itself for the enforcement of it, the petition would go by default. So we think the Commission under our law is a proper party and certainly has a right to ask the courts to uphold its decisions. Cf. State, ex rel Gehrs, et al. v. Public Service Commission of Missouri, 90 S. W. 2d 390; North Carolina Utilities Commission v. Norfolk Southern Ry. Co., 32 S. E. 2d

346. We are of the opinion, therefore, that the statute aforesaid authorizes the Public Service Commission to be a party to these proceedings.

Also, the general law is stated in 73 C. J. S. 523, Sec. 178, as follows:

"In the absence of a statutory provision as to parties, the question with respect to who may or must be joined as parties to a proceeding to review the decisions and orders of an administrative agency is governed by the rules as to parties in civil actions generally. Accordingly, only necessary or proper parties may be joined, and the agency which made the order in question is usually considered a necessary, or at least a proper, party, particularly where there is a public interest to be protected as distinguished from that of the parties directly affected by the order of the agency. However, in the case of appeals from agencies whose functions are limited to a determination of the rights of parties having a direct interest in such determinations, the agency need not be made a party to the proceedings, and has been held to be neither a necessary nor a proper party. Where the subject matter of the appeal does not give rise to issues affecting the public interest generally, the agency, if made a party, need take no active part in the litigation, but may leave it to the parties directly concerned."

In the case before us, the Public Service Commission acted of its own initiative and certainly the public interest was involved. We are in agreement with the appellate court of Indiana in Mucker v. Public Service Commission, 157 N. E. 2d 308, when it said:

"We are of the opinion that the general and majority rule indicates that in a case wherein the Public Service Commission initiates a proceeding in a manner ex parte, as is the case now before us, it is proper to name the said Commission as the appellee upon appeal."

An examination of the Mississippi cases will show that the Commission has been recognized numerous times as an appellant and appellee here.

Suggestion of error overruled.

*LEE, P. J., and Kyle, Gillespie and McElroy, JJ.,* concur.