Utilities Comm. v. Services Unlimited, Inc.

STATE OF NORTH CAROLINA, EX REL, UTILITIES COMMISSION AND OFFICE COMMUNICATIONS COMPANY, APPELLEES, v. SERVICES UNLIMITED, INC., AND TARHEEL ASSOCIATION OF RADIOTELEPHONE SYSTEMS, INC., APPELLANTS

No. 7010UC427

(Filed 21 October 1970)

1. **Utilities Commission § 9— review of Commission's order — timely appeal — jurisdiction of appellate court**

     Court of Appeals was without jurisdiction to review an original order of the Utilities Commission where no appeal had been taken from the order and the time for giving notice and perfecting appeal had expired. G.S. 62-90.

2. **Utilities Commission § 1— discretionary authority of Commission — change of orders**

     The statutory authority of the Utilities Commission to rescind, alter or amend any order or decision made by it, upon proper notice to parties and after opportunity for hearing, is obviously discretionary. G.S. 62-80.

3. **Utilities Commission § 1— appellate review of original order — discretion of Commission**

     The Utilities Commission did not abuse its discretion in denying appellants' motion to review an original order of the Commission, where the motion was filed almost three months after the time for filing exceptions and giving notice of appeal had expired.

APPEAL by protestants from order of North Carolina Utilities Commission, dated 20 January 1970.

On 20 August 1968, Office Communications Company filed application with the Utilities Commission seeking a certificate of public convenience and necessity to provide radio paging service in connection with its telephone answering service in Winston-Salem and Forsyth County. Services Unlimited, Inc., and Tarheel Association of Radiotelephone Systems, Inc., intervened as protestants.

Hearings on the application were concluded on 8 May 1969 and on 28 July 1969 the Commission issued its order, finding and concluding that the type of service contemplated by the applicant, when used solely as an extension of and incident to its non-utility answering service, is exempt from the Commission's jurisdiction.

No party filed exceptions to any portion of the Commission's order and no notice of appeal was given. On 24 November

1969, almost four months after the Commission's order issued, protestants filed a motion and petition "for hearing and amendment of order." On 20 January 1970 the Commission denied the motion and protestants appealed.

*Edward B. Hipp for North Carolina Utilities Commission.*

*Boyce, Mitchell, Burns & Smith by F. Kent Burns for plaintiff appellee Office Communications Company.*

*Allen, Steed and Pullen by Thomas W. Steed, Jr., for defendant appellant Tarheel Association of Radiotelephone Systems, Inc.*

*Reynolds and Farmer by Ted R. Reynolds for applicant appellant Services Unlimited, Inc.*

GRAHAM, Judge.

Appellants set forth in their brief the following as the question to be decided on appeal:

"Did the North Carolina Utilities Commission err in holding that radio paging service as sought by the applicant-appellee is not subject to the regulation of the Utilities Commission and exempt from its jurisdiction?"

[1] A consideration of appellants' question would involve a review of the Commission's original order of 28 July 1969. No appeal was taken from that order and time for giving notice and perfecting appeal has expired. G.S. 62-90. We are, therefore, without jurisdiction to review the original order, and the only question properly before us is whether the Commission erred in denying appellants' motion "for hearing and amendment of order."

[2] G.S. 62-80 provides that the Commission *may* at any time, upon proper notice to parties and after opportunity for hearing, rescind, alter or amend any order or decision made by it. This authority is obviously discretionary. An application for rehearing "is addressed to and rests in the discretion of the administrative agency. . . ." 2 Am. Jur. 2d, Administrative Law, § 537, p. 348. "[A]n appeal does not lie from the denial of a petition to rehear." *Utilities Comm. v. R.R.,* 224 N.C. 762, 32 S.E. 2d 346.

[3] Appellants contend, however, that the Commission abused its discretion in denying their motion and refusing to amend its

original order. This contention is based on allegations in the motion that G.S. 62-119 through 62-124, which became effective subsequent to the hearings on the application, require a different result than that reached by the Commission on the question of its jurisdiction to regulate the type of service which the applicant seeks to offer. However, the effective date of these statutes was 11 June 1969, more than six weeks before the Commission rendered its original order. If appellants' argument with respect to the effect and applicability of these statutes is correct, their remedy was to appeal from the original order. They failed to do so, and consequently they may not now present, through an attempt to appeal from the denial of their motion to reopen the matter, the exact question which could have been presented by a timely appeal from the original order. "A court, having power to grant a rehearing, may entertain a petition for rehearing, filed after the time for appeal from its original order has expired, but in considering whether or not to grant the rehearing, such consideration will not enlarge the time for appeal from the original order. . . ." *Utilities Comm. v. R.R.,* *supra.*

Appellants' motion was filed almost three months after time for filing exceptions and giving notice of appeal had expired. We are of the opinion that no abuse of discretion by the Commission has been shown, and the order denying appellants' motion must, therefore, be affirmed.

Affirmed.

Judges BROCK and MORRIS concur.