ON PETITIONER’S MOTION TO TRANSFER
SMITH, Judge.
Johnson, having petitioned this court to review an order of the Hernando County *833 School Board dismissing her as an instructor, now moves to transfer the petition to the District Court of Appeal, Second District. After unsuccessfully seeking administrative relief from the School Board order by the State Board of Education, Johnson filed her petition for review here conceiving that the Board of Education, headquartered in Tallahassee, is “the agency” referred to in Section 120.68(2), Florida Statutes (Supp. 1976):
“Except in matters for which judicial review by the supreme court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides.” (Emphasis added).
After Johnson’s petition was filed, we decided School Board of Collier County v. Steele, 348 So.2d 1166 (Fla. 1st DCA 1977), holding that district school boards are responsible for final agency action in teacher dismissal proceedings, notwithstanding that the Board of Education affords an aggrieved teacher administrative review which must be exhausted before judicial review is appropriate. Section 231.36(6), Florida Statutes (1975). Johnson’s motion to transfer correctly urges that, as a result of our Collier County decision, the Hernando County School Board rather than the Board of Education is “the agency” whose headquarters location is pertinent in the choice of reviewing courts.
Although Johnson’s petition for review might have been filed in the District Court of Appeal, Second District, within the district where the Hernando County School Board maintains its headquarters and presumably where Johnson resides, it was also appropriate to file the petition for review here. The Board of Education is not “the agency” in a teacher dismissal case, but it is necessarily a party to any teacher’s petition for judicial review of a district school board order which has been reviewed by the State Board of Education. Despite the State Board’s repeated disclaimers of interest in review proceedings litigated by teachers and district school boards, experience has taught us these cases frequently involve policies affecting the school system as a whole. The Board of Education, which by Constitution and statutes has considerable responsibility for formulating and implementing such policies, does so in part by administrative review of teacher dismissals. The State Board must therefore be in a position to establish or defend its policies before the reviewing district court of appeal and, in cases involving conflicts between district courts, before the Supreme Court. The State Board can effectively do that only if it has party status in these cases before the district courts of appeal. Though necessarily a party, the State Board may limit its participation appropriately.
The State Board of Education effectively “resides” at Tallahassee, in Leon County and within this judicial district. Cf. McCarty v. Lichtenberg, 67 So.2d 655 (Fla.1953). It was therefore appropriate for Johnson to petition this court for judicial review. The respondent State Board of Education, though a reluctant party here, objects to the requested transfer to the District Court of Appeal, Second District. Over such an objection, we will not on petitioner’s motion transfer a properly filed case. The motion for transfer is
DENIED.
McCORD, C. J., and RAWLS, J., concur.