Ms. Anabel P. Mitchell Chairman Parole and Probation Commission 1309 Winewood Boulevard Building 6, Third Floor Tallahassee, Florida 32301
Dear Ms. Mitchell:
This is in response to your request for an opinion on the following question:
 MAY HEARING EXAMINERS EMPLOYED BY THE FLORIDA PAROLE AND PROBATION COMMISSION SERVE SUBPOENAS ISSUED PURSUANT TO s 947.23, F.S., UPON WITNESSES TO COMPEL THEIR ATTENDANCE AT THE REVOCATION HEARINGS REQUIRED UNDER SAID STATUTE?
According to your letter, the Parole and Probation Commission currently uses the services of the sheriff's office in each county of the state to serve witness subpoenas issued by the commission for the attendance of witnesses at proceedings conducted under s947.23, F.S., to determine alleged violations of parole. You state that the commission would prefer to direct its hearing examiners, when feasible, to serve witness subpoenas; the examiner serving the subpoena would not take part in the revocation proceeding in that case.
Pursuant to s 947.13(1)(c), F.S., the Florida Parole and Probation Commission is charged with the responsibility of determining violations of parole and what action shall be taken with reference to such violations. Section 947.23(1), F.S., requires that within 30 days after the arrest of a person charged with violating the terms and conditions of his parole, the parolee shall be afforded a prompt preliminary hearing, conducted by a member of the commission or its duly authorized representative, to determine if there is probable cause or reasonable grounds to believe the parolee has violated the terms or conditions of his parole. If the preliminary hearing results in a finding of probable cause or reasonable grounds to believe that a violation of the terms or conditions of parole has occurred, s 947.23(2) provides that "the commission or a member or duly authorized representative of the commission shall convene a hearing on the alleged violation. . . ." Thus, in conducting such hearings the hearing examiner, referred to and described by the statute as the commission's "duly authorized representative," acts as the representative or agent of, and stands in the stead of, the commission in carrying out its statutorily imposed duties. Cf., s 947.095, F.S., providing that hearing examiners shall be assigned on the basis of case load needs, as determined by the chairman, and shall have the authority to conduct hearings and interviews and to make recommendations with respect to presumptive and effective parole release dates.
Section 947.23(3), F.S., authorizes the commission, commissioner, or its duly authorized representative to, inter alia, issue witness subpoenas and provides that subpoenas issued thereunder shall be enforceable by appropriate proceedings in circuit court. You refer to s 48.021(1), F.S., which states that all process shall be served by the sheriff of the county where the person to be served is found or by a special process server as provided therein but that witness subpoenas may also be served by any person authorized by Rules of Procedure. See, Rule 1.410(c), Fla.R.Civ.P., which provides that a subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than eighteen years of age in civil actions and special statutory proceedings in circuit and county courts. The provisions of Ch. 48, F.S., however, are applicable to process and service of process in civil actions, see, s 48.011, F.S.; and the provisions of Rule 1.410 apply to actions of a civil nature and special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship rules or summary claims procedure rules apply. See, Rule 1.010, Fla.R.Civ.P.
Section 120.58 of the Florida Statutes, in providing for agency proceedings for a rule or order, states in subsection (b):
 An agency or its duly empowered presiding officer or a hearing officer has the power to swear witnesses and take their testimony under oath, to issue subpoenas upon the written request of any party or upon its own motion, and to effect discovery on the written request of any party by any means available to the courts and in the manner provided in the Florida Rules of Civil Procedure. . . . (e.s.)
See, Daniels v. Florida Parole and Probation Commission,401 So.2d 1351 (1 D.C.A. Fla., 1981) (parole and probation commission is agency subject to provisions of Administrative Procedure Act, Ch.120, F.S.). Rule 28-5.301, F.A.C., was apparently adopted as a Model Rule by the Florida Administration Commission to implement the provisions of s 120.58(1) and states in subsection (4):
 A subpoena may be served by any person authorized by law to serve process or by any person who is not a party and who is of majority age. Service shall be made by delivering a copy thereof to the person named in the subpoena. Proof of such service shall be made by affidavit of the person making service if not served by an officer authorized by law to do so.
The Parole and Probation Commission pursuant to its Rule 23-15.10 F.A.C., has adopted the Model Rules of Procedure, Chs. 28-3, 28-5 through 28-7, of the Administration Commission, where applicable, as its procedural rules. Cf., Rule 1.410(c), Fla.R.Civ.P. which contains identical language to Rule 28-5.301, F.A.C., in providing for the service of subpoenas in civil actions and special statutory proceedings in circuit and county courts.
I am not aware of any statute which specifically authorizes the commission or its hearing examiners to serve witness subpoenas, nor has such a provision been brought to the attention of this office. Cf., s 947.22, F.S., which provides that any parole and probation officer, any officer authorized to serve criminal process, or any peace officer of this state is authorized to execute arrest warrants issued by a member of the commission or its duly authorized representatives provided for therein. Thus, I am not aware of any appellate decision in this state which has directly considered whether the administrative agency conducting a hearing is a party for purposes of the Rule 28-5.301(4), F.S., regarding the service of subpoenas nor has such a judicial determination been brought to the attention of this office. Cf., 73A C.J.S. Public Administrative Law and Procedure s 120 (administrative body is sometimes regarded as a party of record to proceeding before it; however, it has also been held that an administrative board is not a party to the proceeding before it as that term is customarily used); North Carolina Utilities Commission v. Norfolk Southern Ry. Co., 32 S.E.2d 346 (N.C. 1944) (utilities commission is a party of record in a proceeding before it); Pennsylvania Labor Relations Board v. Heinel Motors, Inc.,25 A.2d 306 (Pa. 1942) (labor relations board is not a "party" in sense that expression is customarily used; such a tribunal, quasi-judicial in character, intended to be impartial, should not be able to convert itself into a litigant and become the partisan advocate of one or the other of the parties whose cause it has heard). See, Johnson v. Superintendent and School Board of Hernando County, 349 So.2d 832 (1 D.C.A. Fla., 1977) (State Board of Education, which by constitution and statutes has considerable responsibility for formulating and implementing policies affecting the school system does so in part by administrative review of teacher dismissals and must therefore be in a position to defend its policies before the reviewing district court of appeal and in cases involving conflicts between district courts, before the supreme court. The State Board can effectively do that only if it has party status in these cases before the district court of appeal).
You refer to the provisions of s 120.52(11), F.S., which defines the term "party" for purposes of the Administrative Procedure Act and which specifically excludes parolees from said definition for purposes of agency action or judicial review when the proceedings relate to the rescission or revocation of parole. You state that s120.52(11) does not include within its definition the agency conducting the administrative proceeding. However, in light of the responsibilities imposed upon the commission pursuant to Ch. 947, in investigating, prosecuting and adjudicating possible parole violations I cannot state, in the absence of any judicial or legislative direction on this issue, that the commission (and the representatives, agents and employees of the commission in carrying out its duties) would not be considered a party for purposes of Rule 28-5.301(4). Moreover, both s 120.58(1)(b), F.S. and Rule 28-5.301, F.A.C., read with s 947.23(3), F.S., empower the commission (or agency) or its members or authorized representatives only to issue subpoenas and do not in terms purport to delegate the authority to the commission or its members or authorized representatives to serve any process of any form or nature issued by the commission or its representatives who, for this purpose, stand in the stead of the commission. Any rule adopted by an administrative agency must be consistent with the statutes under which is promulgated and may not amend, add to or repeal those statutes. See, Department of Health and Rehabilitative Services v. Florida Psychiatric Society, Inc.,382 So.2d 1280 (1 D.C.A. Fla., 1980); Seitz v. Duval County School Board, 366 So.2d 119 (1 D.C.A. Fla., 1979), cert. denied,375 So.2d 911 (Fla. 1979) (Florida Administrative Code rule cannot be contrary to, nor enlarge, provisions of Florida Statutes); Department of Transportation v. James, 403 So.2d 1066 (4 D.C.A. Fla., 1981) (regulatory body cannot enlarge its authority through promulgation of rules beyond authority delegated by statute). See generally, Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975); Division of Family Services v. State,319 So.2d 72 (1 D.C.A. Fla., 1975), to the effect that administrative officers and agencies have only such powers as granted by statute; and State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628, 636 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974), stating that "[i]f there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested." Therefore, in the absence of any express legislative direction or authority for the commission or its representatives to serve its own process or subpoenas, the commission should refrain from utilizing its representatives or hearing examiners or other agents or employees to serve subpoenas issued by the commission or its representatives until and unless the statutes are amended by the Legislature to authorize such service.
Accordingly, I am of the opinion until legislatively or judicially determined otherwise that in the absence of express statutory direction or authorization for the commission or its representatives, hearing examiners or other agents to serve witness subpoenas issued by the commission or its authorized representatives, the commission should refrain from utilizing its representatives, hearing examiners or other agents or employees to serve such subpoenas.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General