CHRISTOPHER TODD MOORE, EMPLOYEE, PLAINTIFF v. CITY OF RALEIGH, EMPLOYER; SELF-INSURED, DEFENDANT

No. COA98-1297

(Filed 19 October 1999)

**Workers' Compensation— pro se plaintiff—appeal required within fifteen days—self-representation not excusable neglect—waive own rules only if does not controvert statute**

The Industrial Commission's opinion and award is reversed and remanded because it erred in considering pro se plaintiff's appeal of the deputy commissioner's opinion and award since: (1) plaintiff failed to file his appeal or motion for reconsideration within the fifteen-day period required by N.C.G.S. § 97-85; (2) self-representation and failure to hire counsel is not excusable neglect under N.C.G.S. § 1A-1, Rule 60(b); and (3) Industrial Commission Rule 801, which gives unrepresented plaintiffs special consideration for failure to strictly comply with the rules, does not allow the Commission to excuse plaintiff from complying with N.C.G.S. § 97-85.

Appeal by defendant from an opinion and award entered 1 July 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 August 1999.

*The Jernigan Law Firm, by Roy J. Baroff, for plaintiff-appellee.*

*City Attorney Thomas A. McCormick, by Associate City Attorney Dorothy K. Woodward, for defendant-appellant.*

HUNTER, Judge.

On appeal, defendant contends that the North Carolina Industrial Commission ("Industrial Commission") erred in considering plain-

tiff's appeal of the deputy commissioner's opinion and award because plaintiff failed to file his appeal within the fifteen day period required by N.C. Gen. Stat. § 97-85 (1991) and did not show excusable neglect. We agree. Accordingly, we reverse the opinion and award of the full Industrial Commission.

Evidence in the present case indicates that Christopher Todd Moore ("plaintiff") was hired by the City of Raleigh ("defendant") in December 1990 as a police officer. He sustained an injury by accident to his left knee on 12 April 1994 while chasing a criminal suspect. Plaintiff sought medical treatment in June 1994 and underwent arthroscopy in July 1994. Prior to arthroscopy, plaintiff had missed no time from work. He returned to full duty after the arthroscopy. Reconstruction on his knee was performed in November 1994, and plaintiff returned to light duty in May 1995; however, plaintiff accepted a disability retirement effective 1 September 1995. As a result of the accident of 12 April 1994, one physician gave plaintiff's left leg a ten percent permanent impairment rating, and another rated the impairment at twenty-five percent permanent.

Plaintiff presented his claim *pro se* to Deputy Commissioner John A. Hedrick on 3 August 1996. The deputy commissioner entered an opinion and award on 15 January 1997 wherein he found that plaintiff was restricted to light duty work upon his return to work in May 1995, and that plaintiff took disability retirement in September 1995 because he could not perform the "full duties of a police officer." The deputy commissioner determined that plaintiff had a fifteen percent permanent impairment to his left leg, and determined that plaintiff had presented evidence that he was entitled to compensation for permanent partial disability to his leg pursuant to N.C. Gen. Stat. § 97-31 (1991), or temporary partial disability pursuant to N.C. Gen. Stat. § 97-30 (1991). The deputy commissioner determined that under the law of this state, plaintiff may elect the most generous remedy, and awarded plaintiff such remedy under N.C. Gen. Stat. § 97-30.

Subsequently, plaintiff obtained counsel and filed a motion for reconsideration on 15 April 1997, wherein he sought a new hearing to obtain testimony from his treating physician and submit new contentions on three issues of law. Plaintiff indicated that he believed he was entitled to temporary total disability from 1 July 1995 and ongoing until he "return[s] to suitable employment." Plaintiff's motion for reconsideration was denied on 12 May 1997, and he filed notice of appeal on 27 May 1997. Although N.C. Gen. Stat. § 97-85 requires that

a motion for relief from an award in a workers' compensation case be filed within fifteen days, the full Industrial Commission considered plaintiff's appeal. It waived the fifteen day rule on the basis that plaintiff's *pro se* representation before the deputy commissioner constituted excusable neglect as he was "not able adequately to present his claim." The full Industrial Commission proceeded to find that plaintiff's return to work in May 1995 was a failed trial return to work under N.C. Gen. Stat. § 97-32.1 (1991) because plaintiff was unable to perform all the duties of a police officer and took disability retirement pursuant to his doctor's advice. The full Industrial Commission concluded that plaintiff was entitled to compensation for total incapacity pursuant to N.C. Gen. Stat. § 97-29 (1991) and "continuing under further orders of the Industrial Commission or until plaintiff is able to earn wages at some employment."

Initially, we note that the standard of appellate review of an opinion and award of the Industrial Commission is limited to a determination of (1) whether its findings of fact are supported by any competent evidence in the record; and (2) whether the Industrial Commission's findings of fact justify its legal conclusions. *Aaron v. New Fortis Homes, Inc.*, 127 N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997). The Industrial Commission's conclusions of law are reviewable *de novo* by this Court. *Grantham v. R.G. Barry Corp.*, 217 N.C. App. 529, 491 S.E.2d 678 (1997).

Defendant asserts that the full Industrial Commission erred in considering the appeal of plaintiff because plaintiff did not appeal the deputy commissioner's award within fifteen days and failed as a matter of law to establish excusable neglect. We agree with defendant's contention.

Under the Workers' Compensation Act:

> If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award . . . .

N.C. Gen. Stat. § 97-85. Therefore, an opinion and award can be reconsidered only if "good ground" be shown and it is submitted within fifteen days of "when notice . . . shall have been given." *Id.* While N.C. Gen. Stat. § 97-85 specifically refers to the "full

Commission" as reviewing the award, under N.C. Gen. Stat. § 97-79 a deputy commissioner

> shall have the same power to issue subpeonas, administer oaths, conduct hearings, hold persons, firms or corporations in contempt . . . take evidence, and enter orders, opinions, and awards based thereon as is possessed by the members of the Commission[.]

N.C. Gen. Stat. § 97-79 (1991). Under this statute, a deputy commissioner has the same power as the full Industrial Commission in performing his or her duties and therefore, under N.C. Gen. Stat. § 97-85, he or she may reconsider his or her prior award just as the full Industrial Commission under N.C. Gen. Stat. § 97-85 may consider an appeal from an opinion and award of a deputy commissioner.

In the present case, plaintiff made a motion for reconsideration and when it was denied, he appealed. In *Utilities Comm. v. R. R.*, 224 N.C. 762, 32 S.E.2d 346 (1944), our Supreme Court delineated the procedural effect of a motion for reconsideration on an appeal where a court has the power to reconsider a prior judgment:

> A court, having power to grant a rehearing, may entertain a petition for rehearing, filed after the time for appeal from its original order has expired, but in considering whether or not to grant the rehearing, such consideration will not enlarge the time for appeal from the original order, if the petition for rehearing is denied. Furthermore, an appeal does not lie from the denial of a petition to rehear. On the other hand, where a petition for rehearing is filed before the time for appeal expired, it tolls the running of the time and appeal may be taken within the statutory time for appeal from the date of denial of the petition for rehearing.

*Id.* at 765, 32 S.E.2d at 348 (citations omitted). As previously noted, either a motion for reconsideration to a deputy commissioner or an appeal to the full Industrial Commission must be filed within fifteen days of the award from which the party is seeking relief. N.C. Gen. Stat. § 97-85. Because plaintiff in the present case did not file his motion for reconsideration to the deputy commissioner within fifteen days of notice of the original opinion and award, under *Utilities Comm. v. R. R.*, the period allowed for plaintiff's appeal to the full Industrial Commission was not tolled during the time the deputy commissioner considered the motion. Also, an appeal does not lie from a motion to reconsider. *Id.* Therefore, it is uncontroverted that

plaintiff filed his appeal to the full Industrial Commission 132 days after the entry of the opinion and award of the deputy commissioner and thus failed to meet the fifteen day deadline under N.C. Gen. Stat. § 97-85. However, we recognize that the Industrial Commission has additional discretionary authority to consider an appeal.

In *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E.2d 477 (1985), our Supreme Court stated:

> The Rules of Civil Procedure are not strictly applicable to proceedings under the Worker's Compensation Act, *see* N.C. R. Civ. P. 1, and we find no counterpart to Rule 60(b)(6) in the Act or the Rules of the Industrial Commission. We believe the Industrial Commission, nevertheless, has inherent power to set aside one of its former judgments. Although this power is analogous to that conferred upon the courts by N.C. R. Civ. P. 60(b)(6), it arises from a different source. We conclude the statutes creating the Industrial Commission have by implication clothed the Commission with the power to provide this remedy, a remedy related to that traditionally available at common law and equity and codified by Rule 60(b). This power inheres in the judicial power conferred on the Commission by the legislature and is necessary to enable the Commission to supervise its own judgments.

*Id.* at 137, 337 S.E.2d at 483 (footnote omitted). The Court went on to note that it had previously held that "the Commission's judicial power includes the power to set aside a former judgment on the grounds of mutual mistake, misrepresentation, or fraud," *id.* at 138, 337 S.E.2d at 483, *citing Neal v. Clary*, 259 N.C. 163, 130 S.E.2d 39 (1963), and "also includes the power to order a rehearing on the basis of newly discovered evidence," *id.*, *citing Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799 (1935). Rule 60 of the North Carolina Rules of Civil Procedure provides in part that "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . (1) [m]istake, inadvertence, surprise, or excusable neglect." N.C.R. Civ. P. Rule 60(b). In *Allen v. Food Lion*, 117 N.C. App. 289, 450 S.E.2d 571 (1994), *review withdrawn*, 339 N.C. 609, 457 S.E.2d 303 (1995), this Court held that the Industrial Commission has the inherent power and authority, in its discretion, to consider a motion for relief due to excusable neglect. *Id.*, *citing Hogan*, 315 N.C. 127, 337 S.E.2d 477.

Excusable neglect is not shown when a party fails to hire an attorney, even if he has never been involved in a lawsuit before and

lacks knowledge of when his case will come up for trial. *Gregg v. Steele,* 24 N.C. App. 310, 210 S.E.2d 434 (1974). Judge Eagles (now Chief Judge) expounded on this holding in *In re Hall,* 89 N.C App. 685, 366 S.E.2d 882, *review denied,* 322 N.C. 835, 371 S.E.2d 277 (1988), stating:

> A party may not show excusable neglect by merely establishing that she failed to obtain an attorney and was ignorant of the judicial process. *See Gregg v. Steele,* 24 N.C. App. 310, 210 S.E.2d 434 (1974). Similarly, the fact that the movant claims he did not understand the case, or did not believe that the court would grant the relief requested in the complaint, has been held insufficient to show excusable neglect, even where the movant is not well educated. *See Boyd v. Marsh,* 47 N.C. App. 491, 267 S.E.2d 394 (1980).

*Id.* at 688, 366 S.E.2d at 885. We are thus bound by the holding that representation of self and failure to hire counsel, even when a party is not well educated or is unacquainted with the judicial process, does not constitute excusable neglect.

We note that plaintiff contends that the full Industrial Commission's consideration of plaintiff's appeal was proper because Industrial Commission Rule 801 states:

> The rights of any unrepresented plaintiff will be given special consideration in this regard, to the end that a plaintiff without an attorney shall not be prejudiced by mere failure to strictly comply with any one of these rules.

Undeniably, the "rules" referred to in Rule 801 are the Industrial Commission Rules. The Commission is an administrative agency and has discretionary authority to waive its rules only where such action does not controvert the provisions of the statute. *Hyatt v. Waverly Mills,* 56 N.C. App. 14, 286 S.E.2d 837 (1982). Under Rule 801, the Industrial ·Commission does not have authority to excuse plaintiff from complying with N.C. Gen. Stat. § 97-85. Furthermore, its discretionary authority enunciated in *Hogan* does not allow the Industrial Commission to disregard the holdings of this Court as to what constitutes "excusable neglect."

Based on the foregoing, we hold that the Commission erred by concluding that excusable neglect exists in this case due to the fact that plaintiff represented himself before the deputy commissioner and was unacquainted with the complexities of the Workers' Compensation Act. Thus, the full Industrial Commission had no

authority to consider plaintiff's appeal. We therefore reverse their opinion and award, and remand this case for entry of an opinion and award upholding the opinion and award of Deputy Commissioner Hedrick filed 15 January 1997. Due to our holding, we need not reach defendant's additional assignment of error.

Reversed and remanded.

Judges LEWIS and MARTIN concur.