***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the incident on May 7, 1997 plaintiff was an employee of the Vance County Board of Education and worked as a school counselor at Dabney Elementary School.
2. Plaintiff was injured on the premises of Dabney Elementary School on May 7, 1997.
3. Plaintiff's yearly salary as of May 7, 1997 was $37,279.20.
The issues before the Commission are:
 Does the Commission have jurisdiction over this claim pursuant to N.C. Gen. Stat. § 115C-338;
 Did plaintiff file a claim for benefits under N.C. Gen. Stat. § 115C-338;
If the Vance County Board of Education's alleged failure to decide whether and to what extent plaintiff is entitled to benefits under N.C. Gen. Stat. § 115C-338 was, in fact, a denial of her claim;
Whether plaintiff suffered any injury or disability resulting from or arising out of any episode of violence.
5. An additional issue presented to the Full Commission by plaintiff's motion to dismiss is whether defendant's appeal to the Full Commission was timely filed pursuant to N.C. Gen. Stat. §§ 97-85, 115C-338(c).
6. The Commission takes judicial notice of the Forms 18 and 33 contained in the Commission file in this case, as well as the letter to the Commission from defense counsel dated May 29, 2001 appealing the Opinion and Award of Deputy Commissioner Stanback.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with modifications and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was employed as a special education teacher at Dabney Elementary School in Vance County. On May 7, 1997 plaintiff experienced an episode of violence as she was escorting to the school office a student who had injured his ear. This student usually attended a self-contained Learning Disabilities classroom. As plaintiff walked down the hallway, the student pulled away from plaintiff, pulled plaintiff down against the wall and the floor, and dragged plaintiff approximately fifteen feet down the hallway. Criminal charges were brought against the student and the matter was heard in Vance County juvenile court.
2. At the time of the incident plaintiff was unaware that she had sustained any injury. However, after plaintiff returned home and ate dinner, she was unable to get up from the table. Plaintiff was taken to the emergency room at Maria Parham Hospital where she told the emergency room physician about the incident at school. Plaintiff was experiencing pain in her right leg and thigh.
3. Plaintiff returned to work the next day, but was having a great deal of difficulty moving around, so she again sought medical attention. Plaintiff was given muscle relaxers and pain medication which she continued to take until the last day of school on May 22, 1997. During this period of time, plaintiff experienced sharp pains in her muscles and an inability to walk at times.
4. Dr. Atul Kumar began treating plaintiff on June 3, 1997. Previous to this time, plaintiff had been treated by Drs. Charlton and Watson for diabetes, cold symptoms, tingling and numbness in her arm and some neck and back pain. Dr. Kumar's initial treatment of plaintiff was ongoing care for her diabetes. However, by the August 12, 1997 visit, plaintiff had written a letter to Dr. Kumar detailing her injury at school on May 7, 1997 and explaining that she thought some of her current medical conditions might be related to that injury.
5. Prior to her injury of May 7, 1997 plaintiff had been diagnosed with major depression, diabetes, and back pain. Dr. Kumar completed disability forms for plaintiff, indicating that she was permanently and totally disabled as a result of her depression. Plaintiff continued to treat with Dr. Kumar, indicating that she felt achy all over, was unable to work or to sleep and was having headaches.
6. Dr. Kumar referred plaintiff to Dr. Kaplowitz and Dr. Krishnareddy, orthopedic surgeons, who treated plaintiff from April 1998 through October 1998. During that period of time, plaintiff complained of back pain and left leg pain. Plaintiff described the May 7, 1997 incident to Dr. Kaplowitz.
7. In May 1998, Dr. Kumar referred plaintiff to Dr. Eaton, a psychiatrist, as plaintiff continued to show symptoms of major depression, including crying inconsolably.
8. In January 1999, Dr. Kumar also referred plaintiff to Dr. Tabet, a neurologist. Plaintiff complained of right arm pain, pain in the left hip and left leg. She experienced tremors, blurriness and an inability to walk. Dr. Tabet ordered an MRI, which showed evidence of chronic ischemic periventricular white matter changes in the brain. Dr. Tabet ruled out multiple sclerosis as a diagnosis but continued to keep plaintiff under observation.
9. By May 1999 plaintiff had been hospitalized as an inpatient secondary to her homicidal ideations towards her husband. Plaintiff continued to suffer from major depression, and she had multiple somatic complaints of aches and pains all over. Dr. Kumar continued to follow plaintiff's diabetic condition as well.
10. By June of 2000, Dr. Kumar transferred plaintiff's care back to Dr. Charlton. Plaintiff never reached maximum medical improvement of her symptoms while under Dr. Kumar's care. The injuries plaintiff sustained as a result of her May 7, 1997 incident at school were a contributing factor in causing and/or aggravating the symptoms for which she was treated. Plaintiff's inability to work after May 22, 1997 was causally related to the May 7, 1997 incident at school.
11. Beginning June 2, 1997 plaintiff applied for and began receiving short-term and then long-term disability benefits, pursuant to an employer-funded plan, mainly for diabetes and depression. On December 12, 1997 plaintiff sent a letter to Wayne Adcock, then Superintendent of Vance County Schools, and Robert Fleming, Chairman of the Board of Education, requesting that her benefits be changed to those available under N.C. Gen. Stat. § 115C-338 because of the May 7, 1997 episode of violence. Plaintiff followed with a letter on December 29, 1997 to William McLean, Executive Director of Human Resources for Vance County, making the same request. Plaintiff also had periodic conversations with Mr. McLean concerning her claim. Mr. McLean never made a formal request to the Board of Education for a hearing on plaintiff's claim.
12. N.C. Gen. Stat. § 115C-338 provides that any full-time employee in any educational institution supported by and under the control of the State is eligible to make a claim for benefits for injuries arising out of an episode of violence. The statute further provides that the claim must be filed with the board of education within one year after the occurrence giving rise to the alleged injury. The board of education then has thirty days after receipt of the claim within which to decide whether and to what extent the employee is entitled to benefits under the statute and the board must transmit its written decision to the employee.
13. Plaintiff's letters dated December 12, 1997 and December 29, 1997 constituted the filing of a claim under N.C. Gen. Stat. § 115C-338, and said filing occurred within one year of the incident giving rise to her alleged injury.
14. Defendant failed to issue a decision on plaintiff's application for benefits under N.C. Gen. Stat. § 115C-338. Defendant's failure to follow the provisions of N.C. Gen. Stat. § 115C-338 was, in effect, a denial of plaintiff's claim.
15. On October 6, 1997 plaintiff filed a Form 18 with the Industrial Commission seeking to appeal defendant's failure to issue a decision as a denial of her claim pursuant to the statute. Such an appeal is allowed under N.C. Gen. Stat. § 115C-338 and the Industrial Commission is the proper forum in which to bring said appeal. Plaintiff later filed a Form 33 Request for Hearing and thereafter hearings were held before Deputy Commissioner Stanback on October 26, 1999, May 22, 2000 and August 8, 2000.
13. Deputy Commissioner Stanback issued an Opinion and Award on April 30, 2001. Defendant gave notice of appeal from this decision by letter dated May 29, 2001. Counsel for defendant states in the letter that he received the Opinion and Award via facsimile transmission from the Commission on May 2, 2001.
14. At the hearing before the Full Commission, defense counsel attributed the delay in filing the appeal to his confusion resulting from the Commission's newly-instituted policy of transmitting decisions by facsimile rather than by mail. However, counsel conceded that on May 2, 2001 he received both the Opinion and Award of the Deputy Commissioner and also the notification explaining the appeal process that the Commission attaches to each decision.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-85 requires that an appeal to the full Industrial Commission must be filed within fifteen days of the award from which the party is seeking relief. Defendant in this case received the Deputy Commissioner's Opinion and Award on May 2, 2001 and filed its appeal twenty seven days later on May 29, 2001. Therefore, defendant failed to meet the fifteen day deadline under N.C. Gen. Stat. § 97-85
and its appeal must be dismissed. Moore v. City of Raleigh,135 N.C. App. 332, 520 S.E.2d 133 (1999).
2. Assuming arguendo that defendant's failure to timely file its appeal is considered excusable neglect, the Commission makes the following conclusions of law on the substantive issues of this appeal.
3. Plaintiff properly and timely filed a claim with defendant for benefits under N.C. Gen. Stat. § 115C-338.
4. Defendant's failure to follow the applicable provisions of N.C. Gen. Stat. § 115C-338 was in effect a denial of plaintiff's claim for benefits. Plaintiff properly filed an appeal of the defendant's denial of her claim by the filing of the Form 18 with the Commission on October 6, 1997. The Industrial Commission has jurisdiction over plaintiff's claim for benefits under N.C. Gen. Stat. § 115C-338(c).
5. On May 7, 1997 plaintiff suffered injuries and disability resulting from an episode of violence, including back and right leg pain and an aggravation of her pre-existing condition of depression. N.C. Gen. Stat. § 115C-338.
6. As a result of the episode of violence on May 7, 1997 and her resultant injuries and disability, plaintiff is entitled to receive her full salary of $37,279.20 for a period of one year, beginning May 23, 1997. N.C. Gen. Stat. § 115C-338.
7. Defendant is entitled to a credit for any and all short and long-term disability benefits plaintiff received during this one year period from May 23, 1997 through May 23, 1998.
8. This Opinion and Award does not attempt to address the issue of whether plaintiff is entitled to workers' compensation benefits after May 23, 1998.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For the failure to timely file an appeal to the Full Commission, defendant's appeal is HEREBY DISMISSED with prejudice.
2. As ordered by Deputy Commissioner Stanback, defendant shall pay to plaintiff the amount of her full salary, $37,279.20, for the year May 23, 1997 through May 23, 1998, minus the credit for any short and long-term disability payments plaintiff received during the same period.
2. A reasonable attorney's fee of twenty-five (25%) percent of the compensation awarded to the plaintiff is approved for counsel for plaintiff. This fee shall be deducted from the amounts due plaintiff and paid directly to plaintiff's counsel.
3. Plaintiff's motion to dismiss the North Carolina School Board Association Insurance Trust as a party defendant is not opposed by defendant Vance County Board of Education and is hereby granted. THEREFORE, IT IS HEREBY ORDERED that the North Carolina School Board Association Insurance Trust is DISMISSED as a party defendant in this action.
4. Defendant shall pay the costs.
This the ___ day of January 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER