**BALD HEAD ISLAND UTILS., INC. v. VILLAGE OF BALD HEAD ISLAND**

[165 N.C. App. 701 (2004)]

BALD HEAD ISLAND UTILITIES, INC., PLAINTIFF v. VILLAGE OF
BALD HEAD ISLAND, DEFENDANT

No. COA03-1338

(Filed 3 August 2004)

**Contracts; Utilities— first priority option—right of first
refusal—res judicata**

The trial court did not err by granting summary judgment
in favor of defendant village and by dismissing plaintiff utility
company's summary judgment claim based on a contract entered
into by the parties to build a water line from Caswell Beach to
Bald Head Island where the contract contained a first priority
option and a right of first refusal for defendant to purchase the
water and sewer utility assets of plaintiff, because: (1) a valid
contract was created between plaintiff and defendant after
months of negotiation between two experienced utility law-
yers; (2) plaintiff is barred by res judicata from claiming the per-
tinent option is void since plaintiff failed to appeal the 19
February 2001 order of the Utilities Commission, thus meaning
the issue had been decided; (3) plaintiff's motion to declare the
option void while upholding the rest of the contract would violate
established North Carolina contract law when the evidence tends
to show that both parties intended to be bound by both the con-
tract and the option; (4) defendant did not exceed its governmen-
tal authority by agreeing to this contract since it is sanctioned by
the Utilities Commission and serves the public welfare; (5)
defendant has neither relinquished its authority nor abandoned
its responsibility to its citizens by selecting by agreement a
method of resolving disputes over terms; and (6) when parties
have dealt at arms length and contracted, the Court of Appeals
cannot relieve one of them even though the contract has proven
to be a hard one.

Appeal by plaintiff from order entered 19 May 2003 by Judge B.
Craig Ellis in Superior Court of Brunswick County. Heard in the Court
of Appeals 27 May 2004.

*Fletcher, Ray & Satterfield, L.L.P., by George L. Fletcher and
Kimberly L. Moore, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, P.L.L.C., by Christopher T.
Graebe, for defendant-appellee.*

HUDSON, Judge.

Plaintiff appeals the trial court's decision granting summary judgment to the defendant and dismissing its own summary judgment claim. Plaintiff and defendant entered into a contract to build a water line from Caswell Beach to Bald Head Island. The contract contained a first priority Option and a Right of First Refusal for the defendant, and was approved by an order of the North Carolina Utilities Commission (NCUC) on 19 February 2001. The evidence tends to show that both parties intended to be bound by the contract and that the option was essential for the defendant's participation. Both parties acted in accordance with the contract and defendant timely gave notice of its intent to exercise its option to purchase the tangible and intangible assets used or useful in providing the water and sewer service as written in the contract. Plaintiff now contends that the option is void. For the reasons stated below, we affirm the trial court's decision.

"For the purpose of conducting hearings, making decisions, and *issuing orders*, . . . the [Utility] Commission shall be deemed to exercise functions judicial in nature and shall have all the powers and jurisdiction of a court of general jurisdiction as to all subjects over which the Commission has or may hereafter be given jurisdiction by law." N.C. Gen. Stat. § 62-60 (2003) (emphasis added). If an appeal from a North Carolina Utilities Commission Order is not made within 30 days, then the right of appeal is waived and this Court has no jurisdiction. *See State ex rel. Utils. Comm'n. v. Services Unlimited, Inc.*, 9 N.C. App. 590, 591, 176 S.E.2d 870, 871 (1970), N.C. Gen. Stat. § 62-90 (2003). "Only specific questions actually heard and finally determined by the Commission in its judicial character are res judicata, and then only as to the parties to the hearing." *State ex rel. Utilities Comm'n v. Carolinas Comm. for Indus. Power Rates, etc.*, 257 N.C. 560, 570, 126 S.E.2d 325, 333 (1962).

Here, the NCUC's Order held that a valid contract was created between the plaintiff utility company and defendant village after months of negotiation between two experienced utility lawyers. The Order states that "[i]n addition to the other provisions of the Use Agreement, the Village is granted an option and right of first refusal to purchase the water and sewer utility assets of Utilities for a two-year period beginning on July 1, 2001." Plaintiff did not appeal this Order, and carried out the provisions of the contract until plaintiff filed a complaint on 4 April 2002 claiming, *inter alia*, that the option was void. However, we conclude that plaintiff's failure to appeal the

19 February 2001 order of the NCUC means the issue has been decided. Plaintiff is barred by res judicata from arguing it here.

Additionally, plaintiff's motion to declare the option void while upholding the rest of the contract would violate established North Carolina contract law:

> The controlling purpose of the court in construing a contract is to ascertain the intention of the parties as of the time the contract was made, and to do this consideration must be given to the purpose to be accomplished, the subject-matter of the contract, and the situation of the parties. The intention of the parties is to be gathered from the entire instrument and not from detached portions. An excerpt from a contract must be interpreted in context with the rest of the agreement. When the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of constructions, cannot reject what the parties inserted or insert what the parties elected to omit. It is the province of the courts to construe and not to make contracts for the parties.

*Weyerhaeuser Co. v. Carolina Power & Light Co.*, 257 N.C. 717, 719, 127 S.E.2d 539, 541 (1962) (internal citations omitted).

Here, the evidence tends to show that both parties intended to be bound by both the contract and the option. The contract language is clear, providing specific actions and guidelines to govern future negotiations. Thus, this Court will not reject the option term that was mutually agreed upon by the parties.

Further, Plaintiff contends that defendant has exceeded its governmental authority by agreeing to this contract. However, defendant, by providing water and sewer service for the public welfare, acted within its authority using powers "necessarily or fairly implied in or incident to the powers expressly granted . . . and essential to the accomplishment of the declared object of the corporation." *Rockingham Square Shopping Ctr. v. Town of Madison*, 45 N.C. App. 249, 251-52, 262 S.E.2d 705, 707 (1980). Limitations on these governmental body contractual powers exist to prevent too much authority being delegated away to parties that may not represent the people's best interests. *Id.* at 252, 262 S.E.2d at 707-08. We do not find that this contract violates this principle as this contract is clear, sanctioned by the NCUC, and serves the public welfare.

Plaintiff also argues that the delegation of authority to a mutually-agreed arbitrator to resolve certain disputes divests the defendant village of its decision-making powers. Here, the contract was initially approved by the NCUC and specifies that the courts will appoint an arbitrator if the parties cannot agree. Thus, the defendant village has neither relinquished its authority nor abandoned its responsibility to its citizens. Rather, it has selected by agreement a method of resolving disputes over terms. Furthermore, "when parties have dealt at arms length and contracted, the Court cannot relieve one of them because the contract has proven to be a hard one." *Weyerhaeuser Co.* at 722, 127 S.E.2d at 543.

Affirmed.

Judges GEER and THORNBURG concur.