**Long v. Reeves**

---

Affirmed.

Judges ARNOLD and PARKER concur.

<hr>

CHARLES L. LONG, EMPLOYEE, PLAINTIFF v. CHARLES REEVES, NON-INSURED, EMPLOYER, DEFENDANT

No. 8510IC658

(Filed 19 November 1985)

**Master and Servant § 93— workers' compensation—notice of hearing not given to defendant—denial of defendant's motion for a new hearing—error**

In a workers' compensation case in which defendant filed a motion for a new hearing on the ground that he had not received notice of the hearing before the Deputy Commissioner which resulted in his being ordered to pay workers' compensation to plaintiff, the Industrial Commission should have treated defendant's motion as one made pursuant to G.S. 1A-1, Rule 60(b) and, on remand, should conduct a hearing on whether defendant was afforded "reasonable notice." G.S. 97-83.

APPEAL by defendant from opinion and award of the North Carolina Industrial Commission dated 15 February 1985. Heard in the Court of Appeals 5 November 1985.

This is a proceeding under the North Carolina Workers' Compensation Act wherein plaintiff seeks to recover compensation for injuries received while working for defendant on 12 July 1982.

The record discloses that on 9 October 1984 Chief Deputy Commissioner Forrest Shuford entered an Order awarding plaintiff compensation. In the record it is noted that neither defendant nor an attorney representing him was present at the hearing. The record further discloses that defendant gave notice of appeal from the Deputy Commissioner's award to the Full Industrial Commission on 15 November 1984, and on that same day also made a motion pursuant to G.S. 97-85 and Industrial Commission Rule XXI for a new hearing on the ground that he had not received notice of the hearing before Deputy Commissioner Shuford.

On 15 February 1985 the Full Commission adopted as its own the opinion and award of Deputy Commissioner Shuford and awarded plaintiff compensation for his alleged injuries. In the

opinion and award it is noted that defendant's motion filed on 15 November 1984 was denied. The Commission made no findings whatsoever with respect to this motion nor afforded defendant a hearing on the motion. Defendant appealed.

*Speckman & Sheely, by James A. Wellons, for plaintiff, appellee.*

*Leonard, Shannonhouse, McNeely, MacMillan & Durham, by Thomas A. McNeely, for defendant, appellant.*

HEDRICK, Chief Judge.

G.S. 1A-1 Rule 1 expressly provides that the North Carolina Rules of Civil Procedure are applicable in proceedings before the Industrial Commission.

G.S. 1A-1, Rule 60(b) provides the means whereby a defendant may be relieved of a judgment. G.S. 97-83, in pertinent part, provides: "Immediately after such application [for a hearing] has been received the Commission shall set the date of a hearing, which shall be held so soon as practicable, and shall notify the parties at issue of the time and place of such hearing." Industrial Commission Rule XX(2) provides that "[t]he Commission will give reasonable notice of hearing in every case." The only mention in the entire record regarding "notice" to defendant with respect to the hearing appears under the caption in the record "Proceedings Before Deputy Commissioner Forrest M. Shuford on September 18, 1984."

At the beginning of the proceeding the following took place:

THE COURT: Charles L. Long versus Charles Reeves. Notice of hearing was sent to Charles Reeves at 3108 Sears Road in Charlotte and it has not been returned but no one on behalf of Charles Reeves has appeared. Mr. Wellons you—I presume want to proceed anyway in the absence of the defendant?

MR. WELLONS: Yes, Your Honor, we would.

Since the North Carolina Industrial Commission has no rule comparable to G.S. 1A-1, Rule 60(b), and because the rules of civil procedure are applicable, we hold the Industrial Commission should have treated defendant's motion on 15 November 1984 as

one made pursuant to G.S. 1A-1, Rule 60(b) "to be relieved from a judgment." We will not presume to tell the Commission whether it should proceed under G.S. 1A-1, Rule 60(b)(1), (2), (3), (4), (5) or (6). Suffice it to say, however, the Commission should conduct a hearing on defendant's motion to determine whether defendant was afforded "reasonable notice" of the hearing which resulted in his being ordered to pay compensation to plaintiff under the Workers' Compensation Act. The cause is therefore remanded for a hearing on defendant's motion pursuant to the North Carolina Rules of Civil Procedure.

Remanded.

Judges WELLS and EAGLES concur.