ERTHADEAN JONES, EMPLOYEE, PLAINTIFF v. YATES MOTOR COMPANY, EMPLOYER; SELF-INSURED (SEDGWICK OF THE CAROLINAS, INC.), Servicing Agent, Defendants

No. COA95-48

(Filed 5 December 1995)

**Workers' Compensation § 412 (NCI4th)— no notice of hearing—motion for relief from judgment—timeliness**

    Where plaintiff contended that he was not notified to appear at the hearing before the Industrial Commission on his appeal from the deputy commissioner's order, and he wrote a letter to the Commission on 24 February 1994 requesting a hearing on the ground that he was not present or notified about the 28 January 1994 hearing, plaintiff's motion for reconsideration, though made after the 15 days allowed under N.C.G.S. § 97-85, was nevertheless filed within a reasonable time, and the Commission should have considered the motion as a Rule 60(b) motion for relief from judgment. N.C.G.S. § 1A-1, Rule 60(b).

    **Am Jur 2d, Judgments §§ 742, 769-772; Workers' Compensation § 686.**

    **Supreme Court's construction and application of Rule 60(b) of Federal Rules of Civil Procedure, allowing relief from judgment or order. 116 L. Ed. 2d 1045.**

Appeal by defendant from the Opinion and Award filed by the North Carolina Industrial Commission 26 September 1994. Heard in the Court of Appeals 5 October 1995.

*Erthadean Jones, plaintiff-appellant, pro se.*

*Teague, Campbell, Dennis & Gorman, by Bruce A. Hamilton and Karen K. Prather, for defendant-appellant.*

## JONES v. YATES MOTOR CO.

[121 N.C. App. 84 (1995)]

WALKER, Judge.

Plaintiff was employed by defendant as a mechanic where he was responsible for working on and replacing transmissions. Plaintiff alleges that he was injured as a result of an accident arising out of and in the course of his employment when a transmission, weighing between 150 and 200 pounds, fell on his chest while he was attempting to install it in a vehicle. This case was heard on 13 August 1992 by Deputy Commissioner Gregory M. Willis, who found that plaintiff's testimony was not credible and that the alleged accident of 8 July 1991 did not occur. Accordingly, the deputy commissioner entered an Opinion and Award on 4 May 1993 concluding that plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer and denied plaintiff's claim.

On 19 May 1993 plaintiff appealed to the Industrial Commission from the deputy commissioner's Order. On the same day, plaintiff's attorney made a motion to withdraw from the case, which motion was granted. On 11 August 1993, plaintiff filed a Form 44 Application for Review with the Full Commission, but did not forward a copy to defense counsel until November 1994. Plaintiff also neglected to file an appellant's brief with the Commission. Accordingly, defendant filed a Motion to Dismiss plaintiff's appeal to the Commission on the ground that plaintiff did not file a Form 44 or an appellant's brief within 25 days from receiving the transcript as required by Rule 701 of the Rules of the North Carolina Industrial Commission.

On 28 January 1994, the Commission, without hearing argument from the parties, affirmed the deputy commissioner's Order denying plaintiff's claim for compensation finding that plaintiff had not shown good grounds for the Commission to reconsider the evidence.

On 24 February 1994, plaintiff wrote a letter to the Commission requesting a hearing on the ground that he was not present or notified about the 28 January 1994 hearing. On 23 March 1994, the Commission advised plaintiff that it received his notice of appeal to the Court of Appeals. Thereafter, on 3 May 1993, plaintiff notified the Commission that he was withdrawing his appeal to the Court of Appeals. The Commission entered an order on 31 May 1994 withdrawing plaintiff's appeal, vacating its 28 January 1994 Opinion and Award, and ordering that plaintiff's appeal to the Commission be scheduled on the next available calendar.

On 20 July 1994, the Commission heard oral argument from the defendant's counsel and allowed plaintiff to "recap . . . the case of record on his own behalf." On 26 September 1994, the Commission entered a second Opinion and Award finding plaintiff's testimony to be credible and concluding that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer thereby reversing the deputy commissioner's decision.

On appeal defendant contends that the Commission's 28 January 1994 Opinion and Award should be reinstated because the Commission lacked the authority to vacate that opinion. Defendant argues that the Commission erred in reconsidering the evidence and reversing the findings of fact and conclusions of law contained in the 28 January 1994 Opinion and Award because plaintiff failed to file a timely motion to reconsider the evidence.

Defendant correctly states the requirements of N.C. Gen. Stat. § 97-85 as follows:

> If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award.

N.C. Gen. Stat. § 97-85 (1991).

However, this statute is not dispositive in the present case. We find *Long v. Reeves*, 77 N.C. App. 830, 336 S.E.2d 98 (1985) to be instructive on the issue of whether the Commission had authority to vacate the earlier opinion. In *Reeves*, neither defendant nor counsel for defendant was present at a hearing where the deputy commissioner ordered defendant to pay workers' compensation to the plaintiff. *Id.* at 830, 336 S.E.2d at 99. More than 15 days after the entry of this order, defendant made a motion pursuant to N.C. Gen. Stat. § 97-85 for a new hearing on the ground that he had not received notice of the hearing before the deputy commissioner. *Id.* This Court held that the Commission should have treated defendant's motion as one made pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b), and, on remand, should conduct a hearing on whether defendant was afforded "reasonable notice." *Id.* at 831-832, 336 S.E.2d 99 (1985).

Here, plaintiff contends that he was not notified to appear before the Commission on 28 January 1994. Upon receipt of the Opinion and

Award, plaintiff immediately called the Commission where he was instructed to write a letter to Chairman Howard Bunn requesting another hearing before the Commission. Plaintiff, who apparently was unaware of the 15-day period in which to file a timely motion, made a motion for reconsideration on 24 February 1994. Although plaintiff's motion was made after the 15 days allowed under N.C. Gen. Stat. § 97-85, Rule 60(b) merely requires that a motion for relief from the judgment be filed within a reasonable time. N.C. Gen. Stat. § 1A-1, Rule 60 (1990). In this case, we cannot conclude that the time period within which plaintiff filed his motion was unreasonable. In sum, the Commission should have considered the motion as a Rule 60(b) motion for relief from the judgment. *See Long v. Reeves*, 77 N.C. App. 830, 336 S.E.2d 98 (1985). Accordingly, this case is remanded for a hearing to determine if plaintiff is entitled to relief pursuant to Rule 60(b).

In view of our treatment of defendant's first assignment of error we need not reach the remaining assignments of error. The Order dated 31 May 1994 and the Opinion and Award dated 26 September 1994 are hereby vacated and this case is remanded for a hearing to determine whether plaintiff is entitled to relief from the 28 January 1994 judgment.

Reversed and remanded.

Judges LEWIS and MARTIN, MARK D. concur.