The Full Commission has reviewed the prior Order and prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick, the records contained in the Commission's file in this matter and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. A set of Industrial Commission forms and a set of plaintiff's medical records, collectively marked as Stipulated Exhibit Number One, are admitted into evidence.
2. The medical report from Thomas N. Taft, M.D. and a Medical Examination Report and Medical History Statement from the Criminal Justice Education and Training Standards Commission, are admitted into evidence.
3. Since plaintiff's retirement, defendant has voluntarily continued to pay plaintiff at the rate of $209.46 per week, although plaintiff has done no further work for defendant.
4. At the time of his injury, plaintiff's average weekly wage was $547.81, yielding a compensation rate of $365.22.
 ***********
The Full Commission finds facts as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-two years old, married and the father of four children. He had graduated from high school and taken courses in English, criminal justice and political science at two community colleges. Plaintiff had served in the United States Air Force for four years beginning in 1983. After his military service, plaintiff worked in the construction industry and as a route driver for a beverage bottling company. In 1990, plaintiff began his employment as a police officer for the City of Raleigh.
2. Plaintiff worked for defendant as a patrol officer. On 12 April 1994, plaintiff was chasing a criminal suspect who had hastily exited a house. In chasing, plaintiff jumped down from the porch of the house, about three steps high, onto some loose gravel. When plaintiff landed on the loose gravel, his legs went out from under him. As a result of this incident, plaintiff sustained tears of his left anterior cruciate ligament and medial meniscus, aggravating a previous injury. Plaintiff underwent surgery for repair of these conditions in July and November 1994, respectively. This constituted a compensable injury by accident under the Workers Compensation Act.
3. Following his surgery in July 1994, plaintiff returned to work for defendant on 29 August 1994, at wages equal to or greater than the wages he earned prior to 12 April 1994. Following his surgery in November 1994, plaintiff first returned to work for defendant on 25 May 1995 under a trial return to work pursuant to N.C. Gen. Stat. § 97-32.1 as evidenced by the Form 28T filed with the Commission by defendant. When he returned to work, plaintiff was restricted to light duty. Defendant assigned plaintiff to work at light duty two days per week at its Jamaica Drive Substation, part of defendant's community policing program. While working at the Jamaica Drive Substation, plaintiff answered the telephone, giving information and taking messages. During this time, plaintiff was participating in physical therapy two hours per day, three days per week.
4. After a period of three to four weeks during which Moore worked approximately six to eight days, Moore returned to his treating physician, Dr. Andrew. After this appointment, Dr. Andrew did not return Moore to light duty and Moore did not return to light duty work with the defendant. Based on Moore's condition in June 1995, Dr Andrew advised that he could no longer do police work and that he should seek retirement. On 1 September 1995, plaintiff took disability retirement from defendant because he was unable to perform the full duties of a police officer and pursuant to his doctor's advice. Thus, plaintiff's trial return to work had failed and he was entitled to return to full compensation until he was able to return to work at his pre-injury wages. N.C. Gen. Stat. § 97-32.1. However, instead of paying the full compensation rate of $365.22, defendant continued the temporary partial compensation of $209.46 that it had paid while plaintiff was at the Jamaica Drive Substation during the trial return to work.
5. At the time of the hearing, plaintiff had not worked for any employer since ending his employment with defendant. He was interested in a career as a building contractor. In an effort to learn that trade, plaintiff was spending time with his father, who was a building contractor, observing his father's work and performing "odds and ends".
6. At the time of the hearing, defendant had continued to pay plaintiff temporary partial disability compensation of $209.46 per week (the same amount as he had received while on light duty at the Jamaica Drive Substation) but did not pay him the $365.22 per week he was entitled to receive.
7. In 1983, plaintiff sustained a left anterior cruciate ligament tear for which he underwent arthroscopic surgery. Plaintiff again injured his left knee while serving in the Air Force in 1986. This injury was treated with a arthroscopic medial meniscectomy.
8. Plaintiff reached maximum medical improvement on 1 January 1996. Dr. Taft rated plaintiff as having sustained a twenty-five percent impairment of his left leg as a result of his injury on 12 April 1994.
9. Plaintiff sustained a twenty-five percent permanent impairment of his left leg as a result of the incident on 12 April 1994.
10. Plaintiff, who was not represented by counsel at the hearing before the Deputy Commissioner, did not file an appeal from the Deputy Commissioner's 15 January 1997 Opinion and Award. Plaintiff became represented by counsel in late February 1997 and counsel filed a Motion for Reconsideration under Rule 60(b) on April 15, 1997. Defendant filed a response thereto and Deputy Commissioner Hedrick denied the motion by the Order timely appealed from here. Pro se plaintiff's failure to file a timely appeal constitutes excusable neglect under the circumstances.
11. The Deputy Commissioner applied the wrong statute to the facts of this matter, treating the continuing voluntary payment of partial disability to plaintiff as an indication that plaintiff was able to work at light duty even though plaintiff's treating physician advised him to take disability retirement because he was unable to perform his job duties. The Deputy also erred in asking what the officer was receiving from his disability retirement and in permitting the claims and insurance specialist for the defendant to testify concerning what the treating physician had told him concerning plaintiff's ability to do light duty, clearly hearsay.
12. Plaintiff's trial return to work having failed, defendant presented no evidence to rebut the presumption of continuing disability due the plaintiff pursuant to the Form 21 Agreement signed by the parties and approved by the Commission.
 ***********
Based on the stipulated facts, the record and the findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. It is within the authority of the Full Commission to review the denial of a motion for reconsideration, waive the procedural rule that required a pro se litigant to give notice of appeal to the Full Commission within 15 days, and review this matter. The Full Commission has inherent power to set aside one of its former judgments. Hogan v. Cone Mills Corp., 315 N.C. 127,337 S.E.2d 477 (1985). The Full Commission has the duty and responsibility to decide all issues and consider every aspect of each claim. Viergegge v North Carolina State University,105 N.C. App. 633, 414 S.E.2d 771 (1992). The Full Commission has the power to review and reconsider evidence, receive additional evidence, strike findings of fact made by a deputy commissioner and, if proper, amend an award. N.C. Gen. Stat. § 97-85; Brewer vPowers Trucking Co., 256 N.C. 175, 123 S.E.2d 608 (1962), Jones v.Yates Motor Co., 121 N.C. App. 84, 464 S.E.2d 479 (1995). Further, under Rule 801, Waiver of the Rules, the Industrial Commission may in the interest of justice waive its rules. "The rights of any unrepresented plaintiff will be given special consideration in this regard, to the end that a plaintiff without an attorney shall not be prejudiced by mere failure to strictly comply with any one of these rules." IC Rule 801 (emphasis added).
Further, under N.C. Gen. Stat. § 1A-1, Rule 60(b) and IC Rule 703, factors to be considered by the trial judge, a Deputy Commissioner or the Full Commission, include whether Moore had an opportunity to present his claim and whether any additional equities urge reconsideration. McGinnis v. Robinson, 43 N.C. App. 1,258 S.E.2d 84 (1979). Since Moore was unrepresented at the hearing of this matter, he was not able adequately to present his claim. Given the complexity of Moore's claim including return to work, possible election of remedies and medical issues, it is clear that the Full Commission must reconsider this matter and amend the award.
It is in the interest of justice that the Full Commission hear and review this matter, particularly, when plaintiff Moore was unrepresented at the trial level. The issue that brought this matter to hearing was Moore's request for hearing, Form 33, wherein he stated, "I have been authorized out of work and I have not been receiving compensation for lost wages." At the time Moore filed his Form 33 he was receiving a temporary partial disability payment while he believed he was entitled to temporary total disability payments. As a result of the hearing, the Deputy Commissioner improperly made an election of remedies for Moore.
2. Plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment. Giving due regard to his education and prior work experience, plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment. Plaintiff's incapacity to earn was caused by plaintiff's compensable injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593,595, 290 S.E.2d 682, 683 (1982).
3. Having failed his trial return to work, plaintiff was entitled to "continuing compensation under G.S. 97-29". N.C. Gen. Stat. § 97-32.1.
4. Even with plaintiff's disability retirement from the police force, he would still be entitled to disability benefits since there was evidence of diminished earning capacity. Thomas vHanes Printables, 91 N.C. App. 45, 370 S.E.2d 419 (1988). Seealso Lackey v RL. Stowe Mills, Inc., 106 N.C. App. 658,418 S.E.2d 517 (1992); Troutman v White and Simpson. Inc., 121 N.C. App. 48,464 S.E.2d 481 (1995), disc. rev. denied, 343 N.C. 516,472 S.E.2d 26 (1996).
5. Plaintiff is entitled to payment of all medical expenses incurred as a result of his injury on 12 April 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
6. Plaintiff is entitled to receive disability compensation of $365.22 per week from 25 May 1995 through the date of this Opinion and Award and continuing under further orders of the Industrial Commission or until plaintiff is able to earn wages at some employment. Defendant is entitled to credit for disability compensation it has paid during this period and for any wages received by plaintiff during this period.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay temporary total disability compensation at the rate of $365.22 per week from 25 May 1995 until the plaintiff returns to work at his pre-injury earnings or until further order of the Commission, with credit for compensation heretofore paid by defendant after 12 April 1994. The amount accrued to the date of this Opinion and Award shall be paid in a lump sum, subject to attorney's fees as set forth below. Interest on unpaid compensation shall be paid at the rate of 8% per annum from 13 August 1996, the date of the hearing below, until paid. Future payments shall be weekly, with every fourth check going directly to plaintiff's counsel.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his injury on 12 April 1994, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability.
3. Plaintiff's attorney is entitled to a reasonable fee of 25% of the lump sum ordered in paragraph 1 of this Award, which shall be paid directly to such attorney. Plaintiff's attorney is entitled thereafter to every fourth disability compensation check.
4. Defendant shall pay the costs.
This 25th day of March 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER