WILLIAM H. MURRAY, Employee, Plaintiff v. AHLSTROM INDUSTRIAL HOLDINGS, INC., Employer, EMPLOYERS INSURANCE OF WAUSAU, Carrier, Defendants

No. COA98-152

(Filed 3 November 1998)

### 1. Workers' Compensation— jurisdiction of Industrial Commission—out-of-state job

The Industrial Commission did not err by finding that a contract was made in North Carolina and that the Industrial Commission had jurisdiction where plaintiff had been laid off by defendant from a previous job; his old supervisor telephoned plaintiff at his home in North Carolina and offered him employment; the first offer was rejected; the supervisor called again and offered plaintiff a supervisor position at a higher wage; plaintiff accepted the offer; the supervisor responded that plaintiff was hired and that he should report to work in Mississippi immediately; and plaintiff experienced a work related injury in Mississippi. The contract for employment was complete when the supervisor responded that plaintiff was hired. The paperwork filled out by plaintiff in Mississippi was mostly administrative, more a consummation of the employment relationship than the last act required for a binding obligation.

### 2. Workers' Compensation— notice of appeal—Rule 60 motion—excusable neglect

The Industrial Commission did not err in a workers' compensation action by hearing an appeal from a deputy commissioner where the notice of appeal was filed four days after the fifteen-day statutory limit, but it appeared that counsel argued excusable neglect under N.C.G.S. § 1A-1, Rule 60(b) even though Rule 60 was not delineated in his motion. The Commission had the authority pursuant to Rule 60 to grant the relief sought in plaintiff's motion for extension of time.

Appeal by defendants from Opinion and Award entered 16 September 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 October 1998.

*Scott E. Jarvis & Associates, by Scott E. Jarvis, for plaintiff.*

*Root & Root, P.L.L.C., by Louise Critz Root, for defendants.*

MURRAY v. AHLSTROM INDUS. HOLDINGS, INC.

[131 N.C. App. 294 (1998)]

SMITH, Judge.

Plaintiff was employed by defendant Ahlstrom Industrial Holdings, Inc. (hereinafter "Ahlstrom") as an instrument and pipe foreman on two separate projects. Plaintiff was initially hired to work at a project located in Calhoun, Tennessee. After the completion of the Calhoun, Tennessee project, plaintiff was laid off and remained unemployed for a period of about two and one-half months. His former supervisor, Brian Kear, telephoned plaintiff at plaintiff's residence in Canton, North Carolina and offered him an identical position (as instrument and pipe general foreman) at a project in Corinth, Mississippi. Mr. Kear offered plaintiff an hourly rate, which was unsatisfactory to plaintiff, and plaintiff turned down the offer. After consulting with his supervisor, Mr. Kear again called plaintiff and offered him the position at an increased hourly rate. Plaintiff accepted the offer. Mr. Kear told plaintiff he was hired and told him to report to work. Plaintiff packed up his family in a camper and went to Mississippi to begin work, at no time abandoning his permanent residence in North Carolina.

Upon his arrival at the work site on 13 June 1994 (which was the Monday following the aforementioned telephone conversation), plaintiff was required to fill out certain administrative paperwork, but because he was a rehire (as opposed to a new hire) he was not required to submit to a physical, drug test, or go to the local employment security office. On 1 July 1994, plaintiff experienced a work-related injury while working for Ahlstrom in Corinth, Mississippi. Plaintiff filed a Request for Hearing before the North Carolina Industrial Commission on 2 December 1994. The matter was tried before Deputy Commissioner William C. Bost on 26 March 1996, the sole issue being determined was that of jurisdiction of the North Carolina Industrial Commission. On 12 July 1996, Deputy Commissioner Bost rendered a decision holding that North Carolina did not have jurisdiction in this matter. Plaintiff gave Notice of Appeal on 6 August 1996, on which date plaintiff also made a Motion for Extension of Time in which to file his appeal. The Motion was held in abeyance until it could be argued before the Full Commission.

This matter was heard before the Full Commission on 31 January 1997. By Opinion and Award filed 17 September 1997, the Full Commission found that North Carolina did have jurisdiction to hear this matter. Defendants appeal.

It is important to note at the outset that the Commission's findings are accorded great deference.

In appeals from the Industrial Commission, when the assign-
ments of error bring forward for review the findings of fact made
by the Commission, the Court will review the evidence to deter-
mine whether there is any competent evidence to support the
findings; if so, the findings of fact are conclusive. If a finding of
fact is a mixed question of fact and law, it is also conclusive if
supported by competent evidence.

*Thomas v. Overland Express, Inc.*, 101 N.C. App. 90, 94-95, 398
S.E.2d 921, 924 (1990), *review denied*, 328 N.C. 576, 403 S.E.2d 522
(1991) (*citing Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E.2d 410
(1954)).

[1] The first issues before the Court on this appeal relate to whether
the Full Commission erred in finding that the North Carolina
Industrial Commission has jurisdiction over this claim. The statute
that grants jurisdiction to the Commission is N.C. Gen. Stat. § 97-36
(1991). This section states that North Carolina has jurisdiction to set-
tle controversies over injuries occurring outside of this state "(i) if
the contract of employment was made in this State, (ii) if the
employer's principal place of business is in this State, or (iii) if the
employee's principal place of employment is within this State." N.C.
Gen. Stat. § 97-36 (1991). The record shows, and it is not disputed
here, that Ahlstrom's principal place of business is outside the state
of North Carolina. Furthermore, it is clear that the full extent of plain-
tiff's employment occurred outside the state of North Carolina. Thus,
in order for the Commission to have jurisdiction over this matter, the
contract for employment must have been entered into in this state.
*See* N.C. Gen. Stat. § 97-36 (1991).

To determine where a contract for employment was made, the
Commission and the courts of this state apply the "last act" test. *See
Goldman v. Parkland*, 277 N.C. 223, 176 S.E.2d 784 (1970); *Thomas*,
101 N.C. App. at 96, 398 S.E.2d at 926. "[F]or a contract to be made in
North Carolina, the final act necessary to make it a binding obligation
must be done here." *Thomas*, 101 N.C. App. at 96, 398 S.E.2d at 926
(*citing Goldman*, 277 N.C. 233, 176 S.E.2d 784). Defendants argue
that the employment contract was not entered into until plaintiff
arrived in Mississippi and completed the requisite paperwork. This
argument is not persuasive. It is undisputed in the record that an
offer for employment was made to plaintiff when Mr. Kear tele-
phoned him at his home in Canton, North Carolina. Mr. Kear's first
offer was not accepted because the hourly wage was too low.

However, after consulting with a superior, Mr. Kear telephoned plaintiff and again offered him the foreman position at a higher wage. At this point, plaintiff accepted the offer. Mr. Kear responded that plaintiff was hired and that he should report to work in Corinth, Mississippi immediately.

At this point the contract for employment was complete. Relying upon this employment contract, plaintiff packed up his family and moved to Mississippi for the duration of the project. Although the paperwork filled out by plaintiff was required before he could begin work, this seems to be, and in fact was admitted by Mr. Kear to be, mostly administrative. The paperwork appears to be more of a consummation of the employment relationship than the "last act" required to make it a binding obligation. *See Warren v. Dixon and Christopher Co.*, 252 N.C. 534, 114 S.E.2d 250 (1960) (offer of employment made and accepted in North Carolina; accepting plaintiff on the job site "was merely the consummation of what had been previously arranged, that is, the employment"). The Commission's findings were based upon ample competent evidence, and the conclusion that the contract was made in North Carolina was correct.

[2] The last issue raised on appeal is whether the Full Commission erred in hearing the appeal. Defendants argue that the Commission erred in reviewing the matter and reversing the decision of the Deputy Commissioner because plaintiff's Notice of Appeal was not timely filed pursuant to N.C. Gen. Stat. § 97-85 (1991). Section 97-85 states:

> If application is made to the Commission *within 15 days* from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award.

N.C. Gen. Stat. § 97-85 (1991) (emphasis added). In this case the record indicates, and plaintiff concedes, that plaintiff filed his Notice of Appeal four days after the fifteen day limit prescribed by the statute.

The same argument that defendants now assert was addressed by this Court in *Jones v. Yates Motor Co.*, 121 N.C. App. 84, 464 S.E.2d 479 (1995). In that case, the defendant argued that because plaintiff's motion to reconsider the evidence was not timely, the Commission

erred in reconsidering the evidence and reversing the prior order. Because plaintiff was unaware of the fifteen day period in which to file a timely motion, this Court held that the motion should be considered not under the time restrictions of G.S. 97-85, but under the "reasonable time" standard of N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990). Rule 60(b) states,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . . .
>
> The motion shall be made *within a reasonable time*, and . . . not more than one year after the judgment, order, or proceeding was entered or taken.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990) (emphasis added). In *Jones*, twenty-seven days after entry of the judgment was not considered "unreasonable" and this court held that "the Commission should have considered the motion as a Rule 60(b) motion for relief from the judgment." *Jones*, 121 N.C. App. at 87, 464 S.E.2d at 481 (*citing Long v. Reeves*, 77 N.C. App. 830, 336 S.E.2d 98 (1985)).

The facts in the case at hand are quite similar to the *Jones* case. In plaintiff's Motion for Extension of Time, filed with the Industrial Commission on 6 August 1996, plaintiff's counsel explains the reason for the delay in filing.

> Counsel was on family vacation and out of the state of North Carolina from July 12 through July 21, 1996, and accordingly, was not in his office at the time the Opinion and Award arrived. The Opinion and Award was placed in the case file in the office by clerical staff, through inadvertence, and no entry was made on the office calendar showing the date of the arrival of the Opinion and Award, nor the proper date for the appeal time.

Thus, it appears that counsel is arguing "excusable neglect," as per Rule 60(b), even though it is not delineated in his motion. Pursuant to Rule 60(b), the Commission had the authority to grant the relief sought by plaintiff. *See Jones*, 121 N.C. App. at 86-87, 464 S.E.2d at 481. Though the Commission made no order regarding the Motion for Extension of Time, it is apparent from the Commission's

decision to reverse the Deputy Commissioner that they did grant such relief.

Affirmed.

Judges GREENE and WALKER concur.