* * * * * * * * * * *
The Full Commission reviewed the prior Order based upon the record of the proceedings before Chairman Lattimore and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order. Accordingly, the Full Commission affirms the Order of Chairman Lattimore.
 * * * * * * * * * * *
Based upon all of the evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This is a Tort Claim initiated by plaintiff with the filing of an Affidavit in which she alleged negligence on the part of Nash-Rocky Mount Board of Education employee Wiley Ray Moss. Specifically, plaintiff alleged that Moss caused a collision on November 3, 1998, which resulted in injuries to her knee. In an answer filed January 24, 2002, defendant admitted a collision occurred between plaintiff and Moss and also raised the affirmative defense of contributory negligence. Thereafter, the parties participated in written discovery and also took the videotaped deposition of Dr. Josephus Thomas Bloem, an orthopedic surgeon. At the hearing in Nashville before Deputy Commissioner Wanda Blanche Taylor on April 29, 2005, plaintiff testified on her own behalf and presented the testimony of her daughter-in-law, Elise Home. Defendant presented no witnesses.
2. On August 24, 2005, Deputy Commissioner Taylor filed a Decision and Order in which she found that plaintiff failed to prove that her medical expenses (beyond treatment with Dr. Bloem for $606.44, Nash County Ambulance Service for $150.00, and Nash County Emergency Room for $30.00) were reasonably necessary or causally related to the accident of November 3, 1998. Deputy Commissioner Taylor also denied payment for future injury, pain and suffering, and future lost earnings.
3. In addition to being filed, the Decision and Order was faxed to the parties on August 24, 2005. The confirmation page of the fax sent to plaintiff's counsel reflects that the fax was received by plaintiff's law firm at 12:53 p.m. on August 24, 2005. Plaintiff's counsel failed to sign and fax the confirmation page back to the Industrial Commission until September 6, 2005.
4. Counsel for plaintiff was on vacation during the period August 18, 2005, through and including September 5, 2005, as was the only other person in his office who handles matters involving the North Carolina Industrial Commission. Counsel for plaintiff is a solo practitioner. No one in his office was capable of filing legal documents in his absence. He saw the Decision and Order for the first time upon his return to the office on September 6, 2005. When he returned to his office on September 6, 2005, plaintiff's attorney still had three days within which to give notice of appeal from the Decision and Order received by his fax machine on August 24, 2005.
5. Counsel for plaintiff acknowledged that the Decision and Order was received by his office sometime during his absence, though he was not sure of the exact date. Counsel for plaintiff did not request secured leave from the Industrial Commission for this period of vacation.
6. On September 21, 2005, plaintiff filed a Notice of Appeal and indicated that the Decision and Order was "filed August 24, 2005 and received September 6, 2005."
7. As the late Notice of Appeal was in violation of N.C. Gen. Stat. § 143-292 and Tort Claims Rule T-301, defendant filed a Motion to Dismiss Plaintiff's Appeal to the Full Commission and sent the Motion to Chairman Buck Lattimore on September 28, 2005. Plaintiff filed a Response to Defendant's Motion to Dismiss on October 7, 2005. On October 19, 2005, Chairman Lattimore filed an Order granting Defendant's Motion and dismissed Plaintiff's appeal with prejudice. Thereafter, on November 4, 2005, plaintiff appealed Chairman Lattimore's Order to the Full Commission and contemporaneously filed a "Motion for Reconsideration of Order Dismissing Appeal to the Full Commission, Request for Extension of Time and Stay." Defendant filed a Response to this document on November 17, 2005.
8. On December 19, 2005, Chairman Lattimore filed an Order denying plaintiff's Motion for Reconsideration, and allowed plaintiff's request to appeal his administrative Order to the Full Commission. On January 30, 2006, Linda Langdon, Docket Director for the N.C. Industrial Commission, sent an acknowledgement letter to the parties and advised that the Notice of Appeal from Chairman Lattimore's Order was received on November 4, 2005. Due to the nature of the appeal, no transcript was prepared. Plaintiff filed her Form T-44 and brief on February 24, 2006.
9. Plaintiff makes two principal arguments: (1) he did not receive the Decision and Order of Deputy Commissioner Wanda Blanche Taylor until he returned from vacation on September 6, 2005, and he had 15 days from that date within which to file an appeal; and (2) if he is mistaken as to the legal date of receipt, and even though he might have been able to make a timely filing on September 8 had he realized that was the deadline, his delay in filing until September 21, 2005, was excusable neglect that should permit him to make an untimely filing pursuant to N.C.Gen. Stat. § lA-1, Rule 60(b) (1990).
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Notice of Deputy Commissioner Taylor's Decision and Order in the present Tort Claims Act proceeding was received by counsel, for purposes of 15-day period for filing application for review, when the Deputy Commissioner faxed the Decision and Order to the law firm of plaintiff's counsel. Cornell vs. Western andSouthern Life, 162 N.C. App. 106, 590 S.E.2d 294 (2004).
2. Pursuant to N.C. Gen. Stat. § 143-292 and Rule T301 of the Tort Claims Rules, parties have 15 days from receipt of a Decision and Order to file a letter or other document expressing an intent to appeal. Plaintiff's counsel failed to file his Notice of Appeal until September 21, 2005, even though he was fully aware of the fifteen-day period for filing a Notice of Appeal from Deputy Commissioner Taylor's Decision and Order, as evidenced by the fact that he filed the Notice of Appeal on the fifteenth day after he sent the acknowledgement fax back to the Industrial Commission. Plaintiff's Notice of Appeal is defective, as it was filed outside the 15-day time frame allowed by law. Consequently, the Full Commission lacks the requisite jurisdiction to hear plaintiff's appeal. N.C. Gen. Stat. § 97-85
and Moore v. City of Raleigh, 135 N.C. App. 332, 520 S.E.2d 133
(1999).
3. Counsel's misapprehension of the term "received" when a Deputy Commissioner's Decision and Order is faxed is not excusable neglect at law. Misapprehension of law was not grounds for relief due to excusable neglect. Cornell vs. Western andSouthern Life, 62 N.C. App. 106, 590 S.E.2d 294 (2004).
4. "What constitutes `excusable neglect' depends on what may reasonably be expected of a party in paying proper attention to his case under all the surrounding circumstances." Dishman v.Dishman, 37 N.C. App. 543, 547, 246 S.E.2d 819, 822 (1978). Inadvertent conduct that does not demonstrate diligence is not `excusable neglect' under Rule 60(b); "[t]hus, mistakes of legal advice or mistakes of law are not within the contemplation of Rule 60(b)(l)." Couch v. Private Diagnostic Clinic,133 N.C. App. 93, 103, 515 S.E.2d 30, 38 (1999). Plaintiff's attorney's actions did not amount to excusable neglect and Rule 60(b) relief is not warranted. "Time and time again [it has been held that] inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)." Helm v. ResolutionTrust Corp., 84 F.3d 874, 878 (7th Cir. 1996), quoted in Brileyv. Farabow, 348 N.C. at 546, 501 S.E.2d at 655.
5. Plaintiff references Murray v. Ahlstrom IndustrialHoldings, Inc., 131 N.C. App. 294, 506 S.E.2d 724 (1998), as support for her position that her Notice of Appeal should be deemed timely. However, Murray is distinguishable, as that opinion and award was received while the plaintiff's attorney was on vacation, and his staff filed the document away without noting when the time to appeal would expire. Id. at 298,506 S.E.2d at 727. In the present case, plaintiff's attorney clearly saw the Decision and Order upon his return to the office (i.e., there was no inadvertent filing of the Decision and Order), and it was clear that the fax had been received on August 24, 2005. Plaintiff's counsel has not professed ignorance of the fifteen-day rule and therefore the main error he committed was his misinterpretation of the term "receipt," one which does not warrant relief. Cornell vs. Western and Southern Life,62 N.C. App. 106, 590 S.E.2d 294 (2004).
6. Plaintiff's attorney's argument that he did not actuallyreceive the Decision and Order until he returned from vacation does not entitle him to relief. Under plaintiff's attorney's reasoning, a year-long sabbatical or other absence from his office would toll the time in which he had to appeal an unfavorable decision, or for that matter, to file any other legal document. The Rules of the Industrial Commission make no allowances for vacations or absences of an attorney, except for periods of secured leave.
7. Plaintiff seeks to invoke Tort Claims Rule T501 and asks the Full Commission to waive the Rules regarding timely filing a notice of appeal. In support of her argument, plaintiff states that she will be "severely and absolutely prejudiced if her appeal is not allowed" and maintains that "the defendant has not in any way, shape or form been prejudiced by her filing notice of appeal on September 21, 2005 instead of September 8, 2005." On the contrary, defendant spent a great deal of time preparing written documents to have this appeal dismissed — a Motion to Dismiss Plaintiff's Appeal, a proposed Order Granting Motion to Dismiss Appeal, a Response to Plaintiff's Motion for Reconsideration of Order Dismissing Appeal to the Full Commission and Request for Extension of Time and Stay, and a Full Commission brief.
 * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The December 19, 2005 Order of Buck Lattimore, Chairman, is hereby AFFIRMED.
2. No costs are assessed.
This 24th day of May 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_________________ PAMELA THORPE YOUNG VICE CHAIRMAN