* * * * * * * * * * *
Upon consideration of the competent evidence of record and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission reverses the June 12, 2006 Administrative Order of Chairman Buck Lattimore and denies *Page 2 
Defendants' motion to dismiss Plaintiff's appeal of Deputy Ledford's April 24, 2006 Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
2. The appointment of any party who appears in a representative capacity is valid and that said party has been duly qualified and that no additional proof of appointment or capacity shall be required.
3. An employee-employer relationship existed between Plaintiff and Defendant-Employer on October 16, 2001.
4. The parties are subject to and bound by the provisions of the North Carolina Workers' compensation Act.
5. The workers' compensation carrier is Auto-Owners Insurance Company.
6. The issues to be determined are whether: (a) Plaintiff's appeal of Deputy Commissioner Kimberly Ledford's Opinion and Award was timely filed; and (b) Plaintiff's Motion for Reconsideration of dismissal of his appeal was properly denied.
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT *Page 3 
1. The only issue before the Full Commission at this time is whether the summary order of Chairman Buck Lattimore dismissing Plaintiff's appeal should be reversed.
2. On April 24, 2006, Deputy Commissioner Kimberly Ledford issued an Opinion and Award in this case. On the same date at approximately 7:37 p.m., the Opinion and Award was transmitted to Plaintiff by facsimile. The record does not, however, contain a confirmation indicating that the facsimile was successfully transmitted.
3. The Commission, by rule, closes its offices for business purposes at 5:00 p.m., so the facsimile transmitted at 7:37 p.m. would be deemed sent on April 25, 2006.
4. The Deputy Commissioner Section of the Commission has established a practice of serving copies of Opinions and Awards on both parties by facsimile. This practice is a departure from the former practice of service by mail and service on the non-prevailing party by certified mail. As evidence of receipt of the facsimile, the Industrial Commission procedure relies upon two documents, the machine generated receipt showing the facsimile was successfully transmitted and the service acknowledgement form, which the parties served are directed to complete and return to the Commission verifying receipt of the facsimile.
5. On May 11, 2006, Plaintiff filed Notice of Appeal of Deputy Commissioner Ledford's Opinion and Award, which was sixteen days after April 25, 2006. On May 12, 2006, Plaintiff attorney's office signed an acknowledgment indicating receipt of the Opinion and Award of Deputy Commissioner Ledford on April 24, 2006.
6. On May 12, 2006, Defendants filed a Motion to Dismiss Plaintiff's appeal to the Full Commission, stating that Plaintiff's appeal was filed more than 15 days after receipt of Deputy Commissioner Ledford's Opinion and Award. *Page 4 
7. On June 12, 2006, Chairman Buck Lattimore summarily dismissed Plaintiff's appeal stating that Plaintiff's Notice of Appeal was not timely filed as required by N.C. Gen. Stat. § 97-85.
8. On October 6, 2006, Plaintiff moved for additional time to file his Form 44 and brief to the Full Commission. On October 9, 2006, Defendants filed their opposition to Plaintiff's motion. By Order filed October 13, 2006, Chairman Lattimore ruled that since Plaintiff's appeal was dismissed on June 12, 2006, his motion was moot and denied Plaintiff's motion for an extension of time.
9. On October 9, 2006, Plaintiff filed a Motion to Reconsider Chairman Lattimore's Order of June 12, 2006. On October 13, 2006, Defendants filed their opposition to Plaintiff's Motion to Reconsider. By Order filed October 13, 2006, Chairman Lattimore ruled that adequate grounds did not exist to reconsider his Order of June 12, 2006, and denied Plaintiff's Motion to Reconsider.
10. On October 13, 2006, Plaintiff filed Notice of Appeal to the North Carolina Court of Appeals of both Orders issued by Chairman Lattimore filed on October 13, 2006, and of Chairman Lattimore's Order filed June 12, 2006.
11. On October 25, 2006, Plaintiff filed a motion to withdraw his appeal to the North Carolina Court of Appeals, and requested that the matter be heard by the Full Commission. By Order of October 27, 2006, Commissioner Pamela Young granted Plaintiff's motion to withdraw his appeal. Commissioner Young further ruled that this case be "set before a panel of the Full Commission for an administrative hearing on the issue of the dismissal of [P]laintiff's appeal, the denial of [P]laintiff's Motion for Reconsideration [and] the denial of an extension of time in which to file a Form 44 and brief to the Full Commission." *Page 5 
12. On November 2, 2006, Defendants filed a Motion to Dismiss Plaintiff's Administrative Appeal to the Full Commission. On November 3, 2006, Plaintiff responded to Defendants' Motion. On November 8, 2006, Chairman Lattimore held Defendants' Motion to Dismiss in abeyance until consideration by the Full Commission.
13. On January 22, 2007, the matter was reviewed before the Full Commission. By Order filed February 6, 2007, the Full Commission remanded the matter back to the Deputy Commissioner Section for an evidentiary hearing on issues relating to the timeliness of Plaintiff's appeal to the Full Commission. The evidentiary hearing was held on May 30, 2007, before Deputy Commissioner Chrystal Redding Stanback.
14. Plaintiff contends that on April 24, 2006, he did not receive a complete copy of Deputy Commissioner Ledford's Opinion and Award. Plaintiff proffered evidence to show that the Opinion and Award that was faxed to his attorney's office on April 24, 2006 at 7:37p.m. was missing several pages including the cover page, the instruction page entitled "Important Notice to All Parties," the service acknowledgment page, and pages three, eight and eleven of the Opinion and Award and that a complete copy of the Opinion and Award was not received until May 12, 2006.
15. Ms. Sandra Taylor, the assistant to Plaintiff's attorney, testified at the hearing before the Deputy Commissioner. Ms. Taylor testified that she received the incomplete Opinion and Award on April 27, 2006 through a facsimile dated April 24, 2006. She testified that she reviewed the document, realized that the copy was missing several pages and informed Plaintiff's attorney of the missing pages. No effort was made to notify the Industrial Commission of the missing pages at that time. *Page 6 
16. Ms. Taylor further testified that the complete Opinion and Award was transmitted to Plaintiff's attorney by facsimile on May 12, 2006.
17. Ms. Taylor testified, over Defendants' objection, that she backdated the Service Acknowledgment form at the request of S. Darryl Wright, the administrative assistant to Deputy Commissioner Ledford, based on their conversation of May 12, 2006. Mr. Wright testified that he does not recall having this conversation with Ms. Taylor, and he does not recall requesting that she complete the Service Acknowledgment after receipt of the May 12, 2006 complete Opinion and Award to show receipt on April 24, 2006 at 7:37 p.m. He further testified that it is not a regular practice that he requests parties to backdate the Service Acknowledgment. Deputy Commissioner Stanback entered an order sustaining Defendants' objection to this conversation on hearsay grounds on July 30, 2007, after Mr. Wright did not corroborate Ms. Taylor's testimony. The Full Commission is of the opinion that Defendant's objection should be overruled.
18. The Full Commission finds credible the testimony of Ms. Taylor concerning the receipt of an incomplete facsimile of Deputy Commissioner Ledford's Opinion and Award on April 24, 2006.
19. In this case, the machine-generated receipt showing successful transmission and the number of pages is absent from the record and no service acknowledgement was returned to the Commission until May 12, 2006 after the complete Opinion and Award was transmitted by facsimile to Plaintiff's attorney with a service acknowledgment and instructions. Ms. Taylor's explanation of why she dated the service acknowledgment for the exact time of arrival of the first incomplete facsimile is persuasive. *Page 7 
20. Based on the greater weight of the evidence, Plaintiff was not properly served with the Opinion and Award of Deputy Commissioner Ledford until May 12, 2006, when his attorney received the service acknowledgement page, the "Important Notice to All Parties" page and all pages of the Opinion and Award. Since Plaintiff was not properly served until May 12, 2006, his Notice of Appeal given on May 11, 2006, from the partially transmitted Opinion and Award is timely. Plaintiff was not required to re-file his appeal after receiving the complete Opinion and Award. Although Plaintiff had some notice of the Deputy Commissioner's ultimate decision by April 25, 2006, Plaintiff did not have notice of the complete decision of the Deputy Commissioner until service was perfected on May 12, 2006.
21. Assuming arguendo, that Plaintiff is deemed to have been given adequate notice of the Deputy Commissioner's decision, despite the defect in service, the Full Commission finds that Plaintiff has presented sufficient evidence to show that his appeal should be allowed due to excusable neglect. Plaintiff was transmitted the incomplete facsimile at 7:37 p.m. on April 24, 2006, approximately two and one-half hours after close of normal business hours for the Industrial Commission. Plaintiff's receipt of the incomplete Opinion and Award is deemed received on the next day, April 25, 2006. Plaintiff's appeal to the Full Commission was sixteen days later, which made it one day late. Ms. Taylor testified she received the incomplete Opinion and Award on April 27, 2006, but the record does not explain the reason for the delay. Based upon the greater weight of the evidence, the Full Commission finds that Plaintiff's delay in filing Notice of Appeal was reasonable considering the confusing and irregular circumstances relating to the Commission's service of the Opinion and Award on Plaintiff and that the order dismissing Plaintiff's appeal should be reversed.
 * * * * * * * * * * * *Page 8 
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-85 provides, in pertinent part: "If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the [F]ull Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award." In the instant case, The Deputy Commissioner's Opinion and Award was transmitted by facsimile on April 24, 2006 at 7:37 p.m. Plaintiff received an incomplete Opinion and Award as more particularly described above. Since Plaintiff did not receive a complete copy of the Deputy Commissioner's Opinion and Award until May 12, 2006, his time to appeal did not begin to run until after May 12, 2006. By that time, Plaintiff had already appealed from the incomplete copy of the Opinion and Award on May 11, 2006 and the Full Commission is of the opinion that it was not necessary for Plaintiff to file a second appeal. The Full Commission concludes that Plaintiff's appeal was timely filed pursuant to N.C. Gen. Stat. § 97-85.
2. N.C. R. Civ. P. 60(b) allows an aggrieved party to move the Court to relieve them from a final judgment, order, or proceeding. However, the Rules of Civil Procedure are not strictly applicable to proceedings under the Workers' Compensation Act. Hogan v. Cone Mills Corp., 315 N.C. 127,337 S.E.2d 477 (1985). The power to set aside one of its judgments is conferred upon the Industrial Commission by its implied power to administer the Workers' Compensation Act with such judicial authority as is necessary and from the Commission's supervisory power over its judgments. Hogan, 315 N.C. 127, 337 S.E.2d 477 (1985). *Page 9 
3. The Industrial Commission possesses the inherent judicial authority to set aside an award on the grounds of mutual mistake, misrepresentation, fraud, excusable neglect or newly discovered evidence. Hogan v. Cone Mills Corp., 315 N.C. 127, 337 S.E.2d 477
(1985); Moore v. City of Raleigh, 135 N.C. App. 332, 520 S.E.2d 84
(1999).
4. In order to set aside a judgment on grounds of excusable neglect, the moving party must show that the judgment rendered against him was due to excusable neglect and that he has a meritorious defense. Higgins v.Michael Powell Builders, 132 N.C. App. 720, 515 S.E.2d 17 (1999). "What constitutes `excusable neglect' depends on what may reasonably be expected of a party in paying proper attention to his case under all the surrounding circumstances." Dishman v. Dishman, 37 N.C. App. 543, 547,246 S.E.2d 819, 822 (1978).
5. In Murray v. Ahlstrom Industrial Holdings, Inc., 131 N.C. App. 294,506 S.E.2d 724 (1998), the Opinion and Award was received while the Plaintiff's attorney was on vacation, and his staff filed the document away without noting when the time to appeal would expire. Id.,131 N.C. App. at 298, 506 S.E.2d at 727. The Murray Court held that Notice of Appeal should be deemed timely filed due to excusable neglect.
6. In the present case, the Full Commission found, in the alternative, that even if Plaintiff's Notice of Appeal was not timely filed, Plaintiff has presented sufficient evidence that his appeal should be allowed due to excusable neglect. The incomplete facsimile was not transmitted to Plaintiff's attorney until 7:37 p.m. on April 24, 2006, which was after the close of the Commission's office for business. Therefore, April 25, 2006, would be deemed the date of receipt and Plaintiff's Notice of Appeal would be only one day late. Based upon the greater weight of the evidence, the Full Commission concludes that Plaintiff's delay in filing Notice of Appeal constituted excusable neglect, considering the defect in service and other facts and *Page 10 
circumstances as set forth above. Moore v. City of Raleigh,135 N.C. App. 332, 520 S.E.2d 84 (1999).
7. Deputy Commissioner Stanback's Order of July 30, 2007, sustaining Defendants' objection on hearsay grounds to Ms. Taylor's testimony regarding her conversation with Mr. Wright, to the extent it purports to set forth matters Mr. Wright allegedly said, should be reversed. Mr. Wright did not dispute Ms. Taylor's testimony; he testified he did not recall the conversation and it would not be his regular practice to request parties to backdate a Service Acknowledgment. Both Ms. Taylor and Mr. Wright testified in this matter and were subject to cross-examination.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
IT IS THEREFORE ORDERED:
1. Deputy Commissioner Stanback's Order of July 30, 2007, sustaining Defendants' objection to Ms. Taylor's testimony regarding conversations with Mr. Darryl Wright, to the extent it purports to set forth matters Mr. Wright allegedly said, is REVERSED.
2. The June 12, 2006 administrative order of Chairman Buck Lattimore dismissing plaintiff's appeal to the Full Commission and his October 13, 2006 order denying Plaintiff's motion to reconsider are hereby REVERSED.
3. Defendants' Motion to Dismiss Employee-Plaintiff's Appeal to the Full Commission from the Opinion and Award of Deputy Commissioner Kimberly Ledford, is hereby *Page 11 
DENIED. This panel of the Full Commission shall review Plaintiff's appeal of the decision of Deputy Commissioner Ledford as soon as it can be set upon the calendar.
This the ___ day of October 2007.
S/______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/______________________ DANNY LEE McDONALD COMMISSIONER
 S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1