* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and oral arguments of the parties. The Full Commission finds that the appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives. Accordingly, the Full Commission affirms, the Opinion and Award of Deputy Commissioner Rowell and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. The date of the alleged injury which is the subject of this claim is August 26, 2006, and was the result of a motor vehicle accident occurring in Missouri.
2. On August 26, 2006 the Employer-Employee relationship existed between the Plaintiff and Defendant-Employer.
3. On August 26, 2006 Defendant-Employer was insured for Workers' Compensation in North Carolina by Accident Fund Insurance Company of America.
4. Defendants denied Plaintiff's claim in North Carolina on jurisdictional grounds.
5. Plaintiff's claim was accepted as compensable and benefits have been paid under the Wisconsin Workers' Compensation system.
6. The parties stipulated into evidence as Stipulated Exhibit No. 1, Pre-Trial Agreement, as amended and initialed by the parties.
7. The parties stipulated into evidence as Stipulated Exhibit No. 2, Industrial Commission Forms.
8. The parties stipulated into evidence as Stipulated Exhibit No. 3 the August 26, 2006 Missouri motor vehicle accident report.
9. The parties stipulated into evidence as Stipulated Exhibit No. 4 Plaintiff's personnel file.
10. The parties stipulated into evidence as Stipulated Exhibit No. 5 and April 18, 2006, drug screen report.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows: *Page 3 
 FINDINGS OF FACT
1. In April 2006, Plaintiff contacted Defendant-Employer by telephone to inquire into a position as a truck driver. Defendant-Employer provided Plaintiff with transportation by bus to their main office in Cleveland, Wisconsin. On April 17, 2006, Plaintiff completed an employment application at the Wisconsin location.
2. As Plaintiff had undergone a physical examination for his previous employer it was not necessary to have a new physical. Plaintiff did undergo a drug screen and a road test upon arriving in Wisconsin.
3. On April 18, 2006, a contract of employment between Plaintiff and Defendant-Employer was made in Wisconsin. Plaintiff was hired and began employment with Defendant-Employer as a truck driver on April 18, 2006.
4. On July 27, 2006, Plaintiff executed a Defendant-Employer form titled "Employee Voluntarily (sic) Termination and Tractor check in". The form stated, "On July 27th, 2006, I, Rowland Baker, voluntarily terminate my employment with Chizek Transport, INC., requesting 2-3 wks unpaid personal-time off. Family issues need to take care of."
5. On that date Plaintiff turned in his driver handbook, post accident drug kit, fuel card, disposable camera, satellite keyboard, truck keys, permit pack, fuel keys, and load locks.
6. Plaintiff returned to North Carolina, and approximately two or three weeks later called Tom Waltenberg, the personnel director for Defendant-Employer and advised Mr. Waltenberg that he was ready to come back to work. Mr. Waltenberg told Plaintiff he would get back to him. Shortly thereafter Plaintiff received a phone call from a Defendant-Employer dispatcher advising him that a truck driver of Defendant-Employer would be passing through *Page 4 
North Carolina and would give Plaintiff a ride back to Wisconsin. Both of these phone calls occurred while Plaintiff was in North Carolina.
7. Plaintiff rode back to Wisconsin in a Defendant-Employer vehicle, and upon arriving in Wisconsin was sent out on the road in one of Defendant-Employer's trucks on August 17, 2006. Due to the fact that Plaintiff had last worked for Defendant-Employer less than thirty days prior to August 17, 2006, Defendant-Employer did not require Plaintiff to undergo a physical, drug test, road test, or any other orientation procedures prior to beginning his driving duties on August 17, 2006.
8. The Full Commission finds based upon the greater weight of the credible evidence that after working for Defendant-Employer for several months, Plaintiff executed a voluntary termination form on July 26, 2006. Therefore, as of July 27, 2006, Defendant-Employer considered Plaintiff to have terminated his employment, although he expressed an intention to return in two to three weeks. Once Plaintiff executed the termination form and turned in all of the company property in his possession or control, he was no longer an employee of Defendant-Employer.
9. When Plaintiff contacted Defendant-Employer by phone from his home in North Carolina in August 2006, Defendant-Employer offered to rehire Plaintiff, and Plaintiff accepted the offer. When Plaintiff arrived in Wisconsin he did not complete any paperwork other than a vehicle sign-out and inspection report. As Plaintiff was a rehire it was not necessary for him to go through the application and orientation procedures that were required in April 2006.
10. As Plaintiff terminated his employment with Defendant-Employer on July 27, 2006, and was rehired shortly before August 17, 2006 by telephone in North Carolina, a contract of employment between Defendant-Employer and Plaintiff was made in August 2006 in the state *Page 5 
of North Carolina. This was the last act necessary to complete the contract of employment for the rehire between Plaintiff, in North Carolina, and a representative of Defendant-Employer.
11. Plaintiff was involved in a motor vehicle accident arising out of and in the course of his employment on August 26, 2006.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has subject matter jurisdiction over claims arising out of accidents occurring outside North Carolina if (1) the employee's contract of employment was made in North Carolina; (2) the employer's principal place of business is in North Carolina; or (3) the employee's principal place of employment is in North Carolina. N.C. Gen. Stat. § 97-36.
2. Plaintiff entered into a contract of employment with Defendant-Employer in August 2006. The last act necessary to complete the contract of employment was a telephone call between Plaintiff and Defendant-Employer's representative that occurred while Plaintiff was in North Carolina. During this telephone conversation, Plaintiff accepted Defendant-Employer's offer to rehire him. Accordingly, the contract was made in the state of North Carolina. Murray v. Ahlstrom Industrial Holdings,Inc., 131 N.C. App. 294, 506 S.E. 2d 724 (1998).
3. The North Carolina Industrial Commission has jurisdiction over the present claim. N.C. Gen. Stat. § 97-36.
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment on August 26, 2006. N.C. Gen. Stat. § 97-2(6). *Page 6 
 * * * * * * * * * * *
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. The North Carolina Industrial Commission shall retain jurisdiction over this matter for a determination of what compensation may be payable as a result of Plaintiff's August 26, 2006, injury by accident.
2. Defendants shall pay the costs.
This the 13th day of May, 2010.
 S/_____________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG CHAIR
 S/_____________ DANNY L. McDONALD COMMISSIONER *Page 1